MR. JUSTICE ERICKSON
delivered the opinion of the Court.
The petitioner seeks relief in this court in the nature of prohibition. We issued a rule to show cause and now make the rule absolute and direct that the petitioner be granted a preliminary hearing.
*445 Maestas was charged in a three-count information with attempted robbery (sections 18-2-101 and 18-4-301, C.R.S. 1973), and with two enhancement of punishment counts under the Habitual Criminal Statute (section 16-13-101, C.R.S. 1973). He was represented by a public defender who filed a timely motion for a preliminary hearing in the county court. At this hearing, the prosecution relied solely on the testimony of one witness, a detective, whose testimony consisted of a hearsay account of a telephone conversation with the alleged victim, coupled with hearsay information the detective had gleaned from the police file.
The defendant moved to strike the detective’s testimony at the preliminary hearing on the ground that it was 100% hearsay and effectively denied him the right to confront his accusers. He further objected to being bound over to the district court on the habitual criminal counts because no evidence was presented to sustain these counts in the information at the preliminary hearing. The county court judge denied the motion to strike and held that presentation of evidence on the habitual criminal counts was unnecessary because they do not constitute a crime.
The defendant was bound over to the district court where he moved to dismiss or, alternatively, to be granted a new preliminary hearing. Both motions were denied.
We must first decide whether the prosecution should have presented evidence on the habitual criminal counts in order for the charges to be bound over to the district court. Secondly, we must determine whether probable cause can be established at a preliminary hearing solely on the basis of second-hand information supplied by an extraneous witness. We hold that although the prosecution in this case was not required to present evidence under the Habitual Criminal Statute at the preliminary hearing, the prosecution’s case on the attempted robbery count cannot be established solely on the basis of second-hand information when other direct evidence is available.
I.
Habitual Criminal Evidence at the Preliminary Hearing
Unless the defendant is charged with a substantive offense, nothing in Crim. P. 5 or section 16-5-301, C.R.S. 1973, entitled him to a preliminary hearing. The Habitual Criminal Statute (section 16-13-101, C.R.S. 1973) does not define a substantive offense, but only prescribes “circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous [criminal activities].” Casias v. People, 148 Colo. 544, 367 P.2d 327 (1961); Wright v. People, 116 Colo. 306, 181 P.2d 447 (1947). Inasmuch as the habitual criminal counts in this case do not constitute “offenses,” we hold that probable cause need not be established in the preliminary hearing to bind these charges over to the district court.
II.
Hearsay and the Preliminary Hearing
*446 The purpose of a preliminary hearing is to determine whether probable cause exists to support the prosecution’s charge that the accused committed a particular crime. People v. Kingsley, 187 Colo. 258, 530 P.2d 501 (1975); People ex rel. Russel v. District Court, 186 Colo. 136, 526 P.2d 289 (1974); People v. Quinn, 183 Colo. 245, 516 P.2d 420 (1973). The preliminary hearing serves as a screening device to test the sufficiency of the prosecution’s case before an impartial judge and to weed out the fatally weak case. People ex rel. Farina v. District Court, 185 Colo. 118, 522 P.2d 589 (1974); Thies v. State, 178 Wis. 98, 189 N.W. 539 (1922). See also Washington v. Clemmer, 339 F.2d 725 (C.A.D.C. 1964); Comment, 15 Kan. L. Rev. 374 (1967).
“The holding of a preliminary hearing is of value to the prosecution in that it offers a method for testing the complaints of prosecuting witnesses, and eliminating prosecutions actuated by prejudice or motives inconsistent with a fair administration of the criminal law. A preliminary hearing accords the defendant an opportunity to correct any misconceptions which may have arisen with respect to his conduct. An innocent defendant may be spared the ignominy resulting from a trial. (Orfield, Criminal Procedure from Arrest to Appeal pps. 72-73 (1947)).” T. Borrillo, Colorado Practice, Criminal Practice and Procedure § 82.
The preliminary hearing, however, is not a mini trial, and the rules of evidence may be tempered in accordance with the sound discretion of the trial judge. Kuypers v. District Court, 188 Colo. 332, 534 P.2d 1204 (1975); see People v. Quinn, supra. The prosecution is thus granted greater evidentiary latitude in proving the existence of probable cause. To that end, this court has held that “[h]earsay evidence, and other evidence, which would be incompetent if offered at the time of trial, may well be the bulk of the evidence at the preliminary hearing.” People v. Quinn, supra.
The parameters of Quinn, however, should not be extended beyond their original design. As demonstrated by the preliminary hearing in this case, the prosecution presented the testimony of peripheral, if not extraneous, witnesses who recited in a narrative fashion what others had seen, heard, or done. Cf. United States v. Beltram, 388 F.2d 449 (2d Cir. 1968). Neither the key witness in this case nor the arresting officers were produced at the hearing. Instead, the sole testimony of a nonperceiving witness relating second-hand information was relied upon to establish probable cause. A minimum investment of time and talent characterized this hearing. The perfunctory fashion in which it was held belies the fact that the preliminary hearing is a critical stage in the administration of criminal justice. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Schwader v. District Court, 172 Colo. 474, 474 P.2d 607 (1970); see also Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Cf. United States v. Arcuri, 282 F.Supp. 347 (E.D. N.Y. 1968), aff’d, United States v. Arcuri, 405 F.2d 691 (2d Cir. 1968).
*447 The preliminary hearing is not a “judicial rubber stamp for prosecutorial discretion.” See, K. Graham and L. Letwin, The Preliminary Hearings in Los Angeles: Some Field Findings and Legal-Policy Observations, 18 U.C.L.A. L. Rev. 636 (1971). The full potential and purpose of the preliminary hearing is only realized when it is utilized as a check on the power of the prosecution. That check assumes significance where, as in the instant case, the prosecution attempts to establish probable cause on the basis of second-hand hearsay testimony.
Where the prosecution exploits the use of hearsay on hearsay and establishes probable cause solely on the basis of second-hand information, the historical function of the preliminary hearing is vitiated — that being to place before the judge evidence which establishes that probable cause exists to prove that the defendant did commit the crime charged. Cf. United States v. Umans, 368 F.2d 725 (2d Cir. 1966), cert. granted, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872 (1967), but dismissed as improvidently granted, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967). By our holding here, we seek fair play and substantial justice at the preliminary hearing.
We reaffirm our previous holding in People v. Quinn, supra, that hearsay evidence is admissible at a preliminary hearing, but we admonish the courts to beware of the excessive use of hearsay in the presentation of government cases. The inordinate use of hearsay, as in the present case, foils the protective defense against unwarranted prosecutions that preliminary hearings are designed to afford to the innocent. Cf. United States v. Umans, 368 F.2d 725 (2d Cir. 1966).
Unsubstantiated complaints can only be detected if a means exists by which their shakey foundations may be disclosed. See 51 Iowa L. Rev. 164 (1965). Crim. P. 5(a)(4)(H) provides that the defendant “. . . may cross-examine the witnesses called to testify against him. . . .” Schwader v. District Court, supra; see also Ross v. Sirica, 380 F.2d 557 (D.C. Cir. 1967). We do not require that the prosecution produce all, or even the best, witnesses at a preliminary hearing. But the evidence presented at the preliminary hearing must have some semblance of a factual foundation and must show probable cause. See 51 Iowa L. Rev., supra. The process is best served when at least one witness is called whose direct perception of the criminal episode is subject to evaluation by the judge at the preliminary hearing. Establishing probable cause on the basis of hearsay alone should only be resorted to when the testimony of a perceiving witness is unavailable or when “it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge.” United States v. Umans, supra; United States v. Arcuri, 405 F.2d 691 (2d Cir. 1968). Better prosecutorial practice entails the presentation of a residuum of competent, non-hearsay evidence at the preliminary hearing to support probable cause. People v. Beasley, 250 Cal. App.2d 71, 58 Cal. Rptr. 485 (1967); Wolke v. Fleming, 24 Wis. 2d 606, 129 N.W.2d 841 (1964); Hancock v. Hallman, 229 Wis. 127, 281 N.W. 703 (1938); see also *448 United States v. Catino, 403 F.2d 491 (2d Cir. 1968); Comment, 15 Kan. L. Rev. 374 (1967).
On the basis of the foregoing, we remand with the direction that the defendant be granted a new preliminary hearing in accordance with the views expressed in this opinion.