## No. 27799

**The People of the State of Colorado ex rel. Stuart A. VanMeveren, District Attorney, Eighth Judicial District of the State of Colorado v. The District Court in and for the County of Larimer, State of Colorado, and the Honorable John A. Price, one of the judges thereof**

(575 P.2d 405)

Decided February 21, 1978.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, Terence A. Gilmore Deputy, for petitioners.

Frey & Huisjen, John P. Frey, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Petitioner, the district attorney for the Eighth Judicial District of Colorado, brought this original proceeding seeking relief in the nature of prohibition and mandamus against the district court of Larimer County and a judge of that court. The petitioner maintains that the respondent judge abused his discretion when he dismissed a first-degree sexual assault charge against one Waheeb Esam Ismail at the conclusion of a preliminary hearing.

The respondent district judge grounded the dismissal on findings that the evidence presented by the district attorney was entirely hearsay and there was insufficient evidence to establish the element of physical force or

violence required to prove the crime. We issued a rule to show cause why the charge should not be reinstated. Both parties have responded. The prosecution's evidence at the preliminary hearing was sufficient to withstand a motion for dismissal. Therefore, the dismissal was improper and we now make the rule absolute.

The officer who investigated the case was the only witness produced by the prosecution at the preliminary hearing. He testified as to statements made to him by the complaining witness, the defendant and other witnesses. He also testified regarding the appearance and behavior of the complaining witness when she made her complaint to him.

The following story emerged from the officer's testimony. The complaining witness was hitchhiking and accepted a ride from the defendant and his friend. She voluntarily spent the next six hours in the defendant's company, doing her laundry at his apartment complex, going out to dinner, and watching television at the defendant's apartment with him and his friends. She voluntarily entered the defendant's bedroom, and he began to make sexual overtures, which she resisted. Some time later, she accepted the defendant's offer to spend the night in the apartment, but she insisted upon sleeping on the floor. The alleged assault occurred around 3:00 a.m. in the following manner, as quoted from the officer's testimony: "She told me that he grabbed her breasts, held on to her breasts very tightly and he reached up under her dress and removed her Kotex and threw it to the side and that he had sexual intercourse with her against her will."

The officer testified that the complaining witness was taken to a hospital for examination, and the doctor's report indicated bruises on her breasts.

In dismissing the charge, the respondent judge stated that all the evidence tending to show probable cause was hearsay and further, that there was inadequate evidence of physical force, violence, threats or intimidation of the alleged victim. We disagree with these conclusions as a matter of law.

## I.

In support of dismissal because the evidence consisted entirely of hearsay testimony, the respondent judge alluded to the case of *Maestas v. Dist. Ct.*, 189 Colo. 443, 541 P.2d 889 (1975). That case does not support dismissal here. In *Maestas*, the only witness for the prosecution was a detective who was, at most, peripherally involved in the investigation of the case. He was neither a key witness nor the arresting officer and all of the testimony he gave was totally hearsay and consisted mostly of information he obtained from police files. We held that such testimony could not support the prosecutor's case in a preliminary hearing, and we observed that the inordinate use of hearsay "foils the protective defense against unwarranted prosecutions that preliminary hearings are designed to afford

to the innocent." In *Maestas*, the witness was so unfamiliar with the case that an effective cross-examination could not be afforded the defendant, and the screening function of the preliminary hearing was rendered meaningless.

On the contrary, in this case the prosecution witness is the investigating officer of the case who had knowledge and information about many of the aspects of the alleged crime. Although much of his testimony was hearsay, he also testified concerning his observations of the alleged victim when she made her complaint to him. Also, he personally interviewed the defendant and witnesses whose statements he related. The transcript reflects that defendant's counsel comprehensively cross-examined the witness here.

## II.

The second reason assigned by the respondent district judge for dismissing the charge was that the prosecution produced insufficient evidence of force, violence, threats or intimidation. The first-degree sexual assault statute, Section 18-3-402, C.R.S. 1973 (1976 Supp.), provides in pertinent part as follows:

"(1) Any actor who inflicts sexual penetration on a victim commits a sexual assault in the first degree if: (a) The actor causes submission of the victim through the actual application of physical force or physical violence; . . ."

According to the officer's testimony, one instance of the application of physical force or violence was the grabbing of the complaining witness' breasts in the manner she described to the officer. We must determine whether this evidence was sufficient to support a finding of probable cause as to the element of "the actual application of physical force."[1]

We recently, in *People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977), defined the probable cause standard for preliminary hearings as follows:

"The probable cause standard requires evidence sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief *that the defendant may have committed the crimes charged.*" (Emphasis added.)

Considering the evidence in the light most favorable to the prosecution, *Hunter v. Dist. Ct.*, 190 Colo. 48, 543 P.2d 1265 (1975), it is convincingly clear that an ordinarily prudent person could conscientiously believe that the defendant here may have committed the crime of first-degree sexual assault. The complaining witness' allegation that the defendant grabbed her breasts and held them very tightly is certainly evidence of the

---

[1] The defendant admitted that sexual penetration occurred. No evidence in the record would support a charge based on any other subsection of the first-degree sexual assault statute. Therefore, only the "actual application of physical force" is in question.

"actual application of physical force." This is buttressed by the doctor's report in evidence.

### III.

■ In their answer to the rule to show cause, the respondents assert that the judge's order to dismiss was properly based on a determination that the alleged victim's statements were incredible as a matter of law. The judge's statements in the record make no mention of this consideration, but if this was his hidden reason for dismissing the case, he abused his discretion.

It is not the function of the presiding judge at a preliminary hearing to weigh the credibility of a witness' statement, unless the testimony is "implausible or incredible as a matter of law." *Hunter v. Dist. Ct.*, 190 Colo. 48, 543 P.2d 1265 (1975). The respondent judge made no such finding in this case.

The rule is made absolute.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.

MR. JUSTICE CARRIGAN dissenting:

I respectfully dissent. The record in this case does not reflect any abuse of discretion in the trial court's determination that the People failed to establish probable cause.

The purpose of a preliminary hearing is to serve as a screening device to test the sufficiency of the prosecution's case. As this court has previously stated, "a preliminary hearing is of value to the prosecution in that it offers a method for testing the complaints of prosecuting witnesses, and eliminating prosecutions actuated by prejudice or motives inconsistent with a fair administration of the criminal law." *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889, 891 (1975); *Hunter v. District Court*, 190 Colo. 48, 543 P.2d 1265, 1269 (1975) (Erickson, J., dissenting).

Here the trial judge apparently concluded that the prosecution had failed in its attempt to establish probable cause almost entirely on the basis of second-hand, hearsay testimony. Prosecutorial tactics such as these deny the defendant any meaningful opportunity to cross-examine key prosecution witnesses or otherwise to challenge the prosecution's case. The majority's attempt to distinguish *Maestas v. District Court, supra,* is unpersuasive, since the key fact in that case, as here, was that the prosecution's sole witness was a police officer who had no first-hand knowledge of the essential facts. The circumstance that the officer who testified had personally interviewed the witnesses whose hearsay statements he related obviously could not have enhanced the defendant's ability to test by cross-

examination the stories related by those witnesses.

In sum, the full potential of the preliminary hearing as a check on the power of the prosecution cannot be realized if we do not recognize that the trial judge is in a much better position than an appellate court to evaluate the case presented and to determine whether or not probable cause has been established. For this court to attempt on review to evaluate the testimony of witnesses it has neither seen nor heard undermines the trial court's exercise of its factfinding function and thwarts the purpose of the preliminary hearing. *Hunter v. District Court, supra* (Erickson, J., dissenting). In this case, the trial judge concluded that the prosecution's proof, based almost entirely on hearsay, fell short of establishing probable cause. I would adhere to the trial court's finding and conclusion. Therefore I would discharge the rule.

MR. JUSTICE ERICKSON authorizes me to state that he joins in this dissent.