The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Elaine Loretta Butler NYGREN, Virginia
Lois Wheeler, and R & R Operating
Co., d/b/a Twin Pines Nursing Home,
Defendants-Appellees.

No. 83SA435.

Supreme Court of Colorado,
En Banc.

Feb. 4, 1985.
Rehearing Denied Feb. 25, 1985.

Stuart VanMeveren, Dist. Atty., Fort Collins, William G. Meyer, Sp. Deputy Dist. Atty., Denver, for plaintiff-appellant.

Chilson and Stanton, P.C., Laurence A. Stanton, Loveland, for defendant-appellee Nygren.

Banowetz, Liggett & Moore, Thomas H. Moore, Michael D. Liggett, Fort Collins, for defendant-appellee Wheeler.

Gerash & Robinson, P.C., Walter L. Gerash, Denver, for defendant-appellee R & R Operating Co.

DUBOFSKY, Justice.

The People appeal an order of the Larimer County District Court dismissing an information charging Elaine Loretta Butler Nygren, Virginia Lois Wheeler, and R & R Operating Co., doing business as Twin Pines Nursing Home, with second degree assault, § 18–3–203, 8 C.R.S. (1978),[1] and Nygren and Wheeler with conspiracy to commit second degree assault, § 18–2–201, 8 C.R.S. (1978).[2] The district court dismissed the information before the prosecution's first witness had completed his testimony at the preliminary hearing, concluding that the evidence already presented and the prosecution's offer of proof for its remaining witnesses were not sufficient to provide probable cause that the defendants had committed the offenses charged. We reverse the district court ruling and remand the case for a new preliminary hearing.

The district court stopped the preliminary hearing during the testimony of the first of four scheduled prosecution witnesses. The first witness, Daniel J. Predovich, a special investigator with the Attorney General's office, summarized his investigation into allegations that the defendant nurses, Nygren and Wheeler, administered two unprescribed doses of Thorazine, a prescription drug,[3] to William Fentress on the day of Fentress' death. Predovich testified that Nygren informed him that, as the director of nursing at Twin Pines Nursing Home, she was responsible for supervision of all nurses, nurse's aides and orderlies at the nursing home. Wheeler told him that she was a charge nurse, responsible for supervision of all nurses, nurse's aides and orderlies on duty during her shift.[4] Although Predovich's testimony was entirely hearsay, the information he obtained from nurse's aides and medical experts disclosed the following.

On the morning of Fentress' death, Fentress was upset, making it difficult for a housekeeper to clean his room at the nursing home. Wheeler and a nurse's aide strapped Fentress to his bed with a restraining belt. Later that morning, the nurse's aide overheard a conversation between Nygren and Wheeler in which they discussed giving Fentress a shot of Thorazine. During this conversation, Nygren and Wheeler stepped into the office of Eva Trower, the administrator of the nursing home. Later that afternoon, the nurse's aide overheard Nygren and Wheeler discussing the advisability of another injection of Thorazine for Fentress. A second nurse's aide told Predovich that she also had overheard the conversation about giving Fentress a second shot.

1. Section 18–3–203 provides in pertinent part:
   (1) A person commits the crime of assault in the second degree if:

   . . . . .

   (e) For a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance, or preparation capable of producing the intended harm;
   . . .

2. Section 18–2–201 provides in pertinent part:
   (1) A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime or an attempt to commit a crime, or he agrees to aid the other person or persons in the planning or commission of a crime or of an attempt to commit such crime.

3. The amended information charged the defendants with administering chlorpromazine to Fentress. Testimony at the preliminary hearing indicated that chlorpromazine is the active ingredient in Thorazine and that Thorazine is a brand name for chlorpromazine.

4. Predovich's testimony regarding Nygren's and Wheeler's responsibilities at the nursing home was necessary to provide grounds for corporate liability. The charges against R & R Operating Co. were brought under section 18–1–606, 8 C.R.S. (1978), which subjects corporations to criminal liability:
   (1) A corporation is guilty of an offense if:

   . . . . .

   (b) The conduct constituting the offense is engaged in, authorized, solicited, requested, commanded, or knowingly tolerated by the board of directors or by a high managerial agent acting within the scope of his employment or in behalf of the corporation.

Fentress' treating physician told Predovich that Thorazine had never been prescribed for Fentress while he was at the nursing home. The doctor also informed Predovich that, because Fentress was mentally retarded and developmentally disabled, he was incapable of forming consent to the administration of a drug. Predovich testified that medical evidence showed Thorazine in Fentress' blood after death and that the level of Thorazine was consistent with stupor and impaired physical and mental functions.

The district court interrupted cross-examination of Predovich by the defendants' attorneys to confer with counsel on the record in chambers. The court asked the prosecution for an offer of proof of the testimony to be elicited from the three other witnesses scheduled by the prosecution to testify at the preliminary hearing. The prosecutor stated that a third nurse's aide would testify that she helped restrain Fentress on the morning in question, witnessed Wheeler administer an injection to Fentress, and, later in the day, overheard the conversation regarding the second injection. The prosecution expected a housekeeper from the nursing home to testify that she overheard a conversation about giving Fentress Thorazine and saw Wheeler and Nygren enter Trower's office during this conversation. She also cleaned Fentress' room later in the day and found him in a much more stuporous condition than usual. In addition, the prosecution offered to present testimony from a police investigator who had interviewed a nurse's aide who found Fentress in a very drugged condition later in the day. After allowing the prosecution to present this offer of proof in open court, the district court dismissed the information on the basis that the evidence did not establish probable cause to believe that the defendants had committed second degree assault.

The sole issue at a preliminary hearing is whether probable cause exists to support charges that the accused committed a particular crime. *Miller v. District Court,* 641 P.2d 966, 967 (Colo.1982); *People v. Treat,* 193 Colo. 570, 573, 568 P.2d 473, 474 (1977). The probable cause standard requires only that the prosecution present evidence sufficient to persuade a person of ordinary prudence and caution to a reasonable belief that the defendant committed the crimes charged. *People v. Treat,* 193 Colo. at 574, 568 P.2d at 474–75; *People v. Holder,* 658 P.2d 870, 871 (Colo. 1983); *Miller v. District Court,* 641 P.2d at 968. Evidence presented at the preliminary hearing must be viewed in the light most favorable to the prosecution and all potential inferences must be resolved in favor of the prosecution. *People v. Holder,* 658 P.2d at 872. Hearsay evidence may form a substantial portion of the evidence adduced at a preliminary hearing to establish probable cause. *People ex rel. Van-Meveren v. District Court,* 195 Colo. 1, 575 P.2d 405 (1978); *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975).

The evidence the prosecution presented and intended to present indicated that Wheeler and Nygren discussed and agreed to administer Thorazine to Fentress although the drug had not been prescribed and he was unable to consent to its administration. The prosecution offered the testimony of two witnesses to establish that Fentress was in a stuporous condition later in the day, and expert testimony to show that a stuporous condition was consistent with the level of Thorazine found in Fentress' blood after his death. This evidence supports inferences that Wheeler and Nygren administered an unprescribed drug to Fentress without his consent and that it caused his later stuporous condition.

The defendants have suggested that the district court may have chosen to ignore Predovich's hearsay testimony about the observations of the nurse's aides because of minor variations in their recollections of the incident at two separate interviews. This court has held that "a judge in a preliminary hearing has jurisdiction to consider the credibility of witnesses only when, as a matter of law, the testimony is implausible or incredible. When there is a mere conflict in the testimony

... the judge must draw the inference favorable to the prosecution." *Hunter v. District Court,* 190 Colo. 48, 52–53, 543 P.2d 1265, 1268 (1975). Such variations in the witnesses' recollections as attested to by Predovich were not contradictory, nor were they incredible or implausible as a matter of law. The district court made no finding of incredibility or implausibility, and it should not have disregarded the testimony. *See People ex rel. VanMeveren,* 195 Colo. at 5, 575 P.2d at 408. The prosecution's offer of proof was sufficient to establish probable cause for the second degree assault and conspiracy charges. §§ 18–2–201, 18–3–203(1)(e), 8 C.R.S. (1978).

The defendant R & R Operating Company asserts that there was no evidence at the preliminary hearing that a high managerial agent of R & R Operating Company knew, approved of or sanctioned criminal acts, and that therefore the dismissal of charges against the corporate defendant should stand even if we remand the charges against the nurses for reconsideration at a new preliminary hearing. Section 18–1–606 provides corporate liability for offenses "engaged in, authorized, solicited, requested, commanded, or knowingly tolerated" by "a high managerial agent" acting for the corporation. Subsection (2) defines a "high managerial agent" as "an officer of a corporation or any other agent in a position of comparable authority with respect to the formulation of corporate policy or the supervision in a managerial capacity of subordinate employees." We need not resolve whether the evidence presented or offered by the prosecution established that a high managerial agent of the corporation engaged in, authorized, solicited, requested, commanded or knowingly tolerated conduct constituting second degree assault under section 18–3–203(1)(e). The district court ruling did not consider the corporate liability statute; the court ruled only that the evidence did not establish probable cause to believe that any of the defendants committed second degree assault.

Because the district court interrupted the preliminary hearing before all of the proposed testimony was completed, the prosecution was not able to establish through direct testimony probable cause for the crimes charged and the defendants were denied an opportunity to cross-examine the prosecution witnesses and to present any of their own evidence. We therefore reverse and remand this case to the district court for a new preliminary hearing.

KIRSHBAUM, J., does not participate.