**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Jack BRISBIN, Defendant-Appellee.**

**No. 85SA133.**

Supreme Court of Colorado,
En Banc.

Nov. 3, 1986.

Stuart A. VanMeveren, Dist. Atty., Loren A. Schall, Asst. Dist. Atty., Fort Collins, for plaintiff-appellant.

No appearance for defendant-appellee.

ERICKSON, Justice.

In this appeal the prosecution asserts that the district court erred when, at a preliminary hearing, it dismissed charges of criminal impersonation (section 18–5–113, 8B C.R.S. (1986)), and driving after judgment prohibited (section 42–2–206(1), 17 C.R.S. (1984)), because of a failure of the prosecution to establish that the police had probable cause to stop the defendant's car or to arrest the defendant. We agree with the prosecution that dismissal of the case at the preliminary hearing stage was inappropriate and we therefore reverse and remand with directions to reinstate the charges against the defendant.

■ An officer in the Berthoud Police Department observed the defendant driving a car and stopped him and requested identification. The defendant told the officer that he was Carl C. Archibald and that he did not have his driver's license with him. He said he had a California driver's license and signed both the booking form and the intoxilizer test as Carl C. Archibald. The booking officer recognized the defendant and told the arresting officer that he believed Carl C. Archibald was in fact Jack Brisbin. When the officer contacted defendant's girl friend, who owned the automobile, he was told that Jack Brisbin had borrowed the car. The record reflects that Jack Brisbin had his driver's license revoked as an habitual offender and that he was driving after revocation when he was arrested. The evidence at the preliminary hearing was sufficient to bind the defendant over for trial on charges of driving after judgment prohibited and criminal impersonation.

The preliminary hearing is a screening device. Evidence sufficient to support a conviction is not required at the preliminary hearing. *People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977). In *People v. Nygren*, 696 P.2d 270 (Colo.1985), we said:

> The sole issue at a preliminary hearing is whether probable cause exists to support charges that the accused committed a particular crime. *Miller v. District Court*, 641 P.2d 966, 967 (Colo.1982); *People v. Treat*, 193 Colo. 570, 573, 568 P.2d 473, 474 (1977). The probable cause standard requires only that the prosecution present evidence sufficient to persuade a person of ordinary prudence and caution to reasonable belief that the defendant committed the crimes charged. *People v. Treat*, 193 Colo. at 574, 568 P.2d at 474–75; *People v. Holder*, 658 P.2d 870, 871 (Colo.1983); *Miller v. District Court*, 641 P.2d at 968. Evidence presented at the preliminary hearing must be viewed in the light most favorable to the prosecution and all potential inferences must be resolved in favor of the prosecution. *People v. Holder*, 658 P.2d at 872. Hearsay evidence may form

a substantial portion of the evidence adduced at a preliminary hearing to establish probable cause. *People ex rel. Van-Meveren v. District Court*, 195 Colo. 1, 575 P.2d 405 (1978); *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975).

*Id.* at 272.

■ No motion to suppress for an unlawful arrest was before the court, and such a motion could not have been the basis for dismissal of charges at the preliminary hearing. Failure to establish an articulable suspicion for the stop or probable cause to arrest does not provide grounds for dismissal of the charges.

In *People v. Connelly*, 702 P.2d 722 (Colo.1985), *cert. granted*, —— U.S. ——, 106 S.Ct. 785, 88 L.Ed.2d 763 (1986), we said in addressing the propriety of resolving suppression issues prior to a preliminary hearing:

> Because of the limited purpose for which a preliminary hearing is intended, we believe that extending the exclusionary rule to this phase of the criminal process would precipitate a vast array of constitutional issues normally reserved for resolution by the trial court and would thus disrupt the expeditious resolution of the probable cause issue. Furthermore, given the rigid time restrictions for setting a preliminary hearing after a request is made, it is quite obvious that both the defense and the prosecution would be somewhat hard put to fully litigate suppression issues at this early phase of the criminal process. Requiring suppression motions to be resolved by the court with trial jurisdiction only after probable cause has been determined enhances the orderly processing of cases without in any manner depriving the defendant of a full and fair opportunity to assert issues that relate to the constitutional admissibility of evidence at trial.

*Id.* at 726–27 (footnotes omitted).

Accordingly, we reverse and remand to the district court with directions to rein-

state the charges of criminal impersonation and driving after judgment prohibited.