The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Marcel Ramo JENSEN, Defendant–Appellee.

No. 87SA413.

Supreme Court of Colorado, En Banc.

Dec. 12, 1988.

Barney Iuppa, Dist. Atty., Mary S. Hosmer, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Alfred W. Metzger, Jr., Colorado Springs, for defendant-appellee.

VOLLACK, Justice.

Marcel Ramo Jensen was charged by information with one count of sexual assault on a child.[1] The child's mother and a social worker testified at the preliminary hearing, but the four year old child did not. At the conclusion of the preliminary hearing, the district court dismissed the charge, on the dual grounds that the prosecution did not introduce evidence by a perceiving witness and that section 13–25–129, 6A C.R.S. (1987), bars admission of hearsay of a child victim at a preliminary hearing when the child is available as a witness.

The prosecution appeals directly to this court pursuant to section 16–12–102, 8A C.R.S. (1986). The prosecution argues that the district court erred in dismissing the charge for lack of a perceiving witness and erred in applying section 13–25–129 to a preliminary hearing. We agree with both contentions. We therefore reverse the judgment of the district court and remand the case with directions to reinstate the charge.

## I.

On September 28, 1987, a preliminary hearing was held in the El Paso County District Court to determine whether there was probable cause that Jensen, age 23, had sexually assaulted his four year old niece on March 24, 1987, in the basement of his parents' house at a birthday party for his sister, who is also the victim's mother. The prosecution presented two witnesses. The first prosecution witness was George Coll, a social worker for the Child Protection Intake Unit for the Department of Social Services. He testified that he received a telephone call from the child's mother on June 12, 1987, alleging that her daughter had been the victim of a sexual assault. Coll interviewed the child on June 15, 1987, in the presence of a police officer. He testified that the child through words and demonstrations indicated that her uncle had rubbed his flaccid penis against her vagina on two separate occasions on the day she had gone to her grandparents to celebrate her mother's birthday. He said

the child was open and talkative with him. He testified that the child's version of what happened on the date of the alleged sexual assault was consistent with the description of events the mother reported to him on June 12.

The second prosecution witness was the child's mother. She testified that her child and the defendant were present at their parent's house on March 24, 1987. They were there to celebrate the mother's birthday. She saw the defendant and the child in the room where the alleged assault occurred. She said that she learned of the alleged assault some time after the event, when her daughter was playing with two older girls who had learned at school to be aware of signs of sexual assault. She said one of the older girls told her that the child had been trying to pull their pants down, and had said that one of the child's uncles had been doing that to her. When the mother confronted her daughter, the child admitted that she had been trying to pull their pants down. When asked if one of her uncles had been doing the same thing with her, she said yes. One of the older girls brought in a doll from the other room, and the mother told her daughter to "show me what the uncle does with you." She said that the child "took the doll and rubbed it near her at the same time she was kind of humping it." She asked the child to name the uncle that had done this. She testified that the child said, "Marcel," which is the first name of the defendant. She said that she was shocked and skeptical at first. She brought a photo album for her daughter to see and asked her to point out the person who had done this to her. She said the child pointed to a picture of Marcel. She said that the child then asked her not to talk about it anymore.

The district court concluded that the prosecution had failed to establish probable cause that Jensen had sexually assaulted the four year old. The district court determined that the prosecution's failure to call the alleged victim as a perceiving witness was fatal to its case. The district court

1. § 18–3–405, 8B C.R.S. (1986).

stated that the evidence submitted "would be totally insufficient to find probable cause as to anyone," and would have dismissed the charge at that point had it not decided that section 13–25–129 was applicable at the preliminary hearing stage.[2] The district court analyzed the case under section 13–25–129(1) and concluded that dismissal was required because the victim was not unavailable to testify.[3] It therefore dismissed the charge.

## II.

We stated the principles for a trial court to follow in conducting a preliminary hearing in *People v. Buhrle*, 744 P.2d 747 (Colo. 1987):

> A preliminary hearing is a screening device to determine whether there is probable cause to believe that the defendant committed the crime charged. [*People v. Quinn* ], 183 Colo. 245, 516 P.2d 420 [ (1973) ]. The preliminary hearing is not a mini-trial and greater evidentiary and procedural latitude is granted to the prosecution to establish probable cause than would be permitted at trial to prove the commission of the crime by the defendant. *Hunter v. District Court*, 190 Colo. 48, 51, 543 P.2d 1265, 1267 (1975); *Maestas v. District Court*, 189 Colo. 443, 446, 541 P.2d 889, 891 (1975); *see* CRE 1101(d)(3) (rules of evidence do not apply in preliminary examinations); Crim.P. 7(h)(3) (trial judge may "temper the rules of evidence" in a preliminary hearing). Hearsay evidence, which would be inadmissible at trial, may form the bulk of the evidence in the preliminary hearing. *People in the Interest of M.V.*, 742 P.2d 326, 329 (Colo.1987);

*Quinn*, 183 Colo. at 250, 516 P.2d at 422. Although the trial judge may curtail the right to cross-examine and to introduce evidence, he may neither completely prevent inquiry into matters relevant to the determination of probable cause, *Rex v. Sullivan*, 194 Colo. 568, 571, 575 P.2d 408, 410–11 (1978), nor disregard the testimony of a witness favorable to the prosecution unless the testimony is implausible or incredible as a matter of law, *People in the Interest of M.V.*, at 329; *People v. Nygren*, 696 P.2d 270, 272 (Colo.1985).

*Id.* at 749; *see also Blevins v. Tihonovich*, 728 P.2d 732, 734 (Colo.1986).

 The probable cause standard requires "evidence sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief" that an accused person committed a particular crime. *People v. Pedrie*, 727 P.2d 859, 862 (Colo.1986); *Nygren*, 696 P.2d at 272; *see also People v. Taylor*, 655 P.2d 382, 384 (Colo.1982); *People v. Treat*, 193 Colo. 570, 574, 568 P.2d 473, 474–75 (1977). This language "reflects our consistently expressed view that the prosecution's case should not be judged too strictly at this early stage in the proceedings." *People in the Interest of M.V.*, 742 P.2d 326, 329 (Colo.1987) (citing *People v. Spurrier*, 712 P.2d 486, 488 (Colo.1986); *Treat*, 193 Colo. at 574, 568 P.2d at 474). At the preliminary hearing stage, the evidence must be viewed in the light most favorable to the prosecution. *Pedrie*, 727 P.2d at 862; *Hunter*, 190 Colo. at 51, 543 P.2d at 1267. It is not necessary at this stage in the proceedings that the prosecution show

---

**2.** The district court stated that it was "only through [section 13–25–129] that the People's case is still analytically alive."

**3.** Section 13–25–129(1) provides:

An out-of-court statement made by a child, as child is defined under the statutes which are the subject of the action, describing any act of sexual contact, intrusion, or penetration, ... performed with, by, on, or in the presence of the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal,

delinquency, or civil proceedings in which a child is a victim of an unlawful sexual offense, ... if:

(a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability, and

(b) The child either:

(I) Testifies at the proceedings; or

(II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

beyond a reasonable doubt that the defendant committed the crime; nor is it even necessary to show the probability of the defendant's conviction. *M.V.*, 742 P.2d at 329. Although we seldom overturn a trial court's determination that probable cause is lacking, where the evidence is sufficient to establish probable cause as a matter of law, reversal is required. *Spurrier*, 712 P.2d at 488; *People v. Walker*, 675 P.2d 304, 306–07 (Colo.1984); *People v. Holder*, 658 P.2d 870, 870 (Colo.1983). If the evidence at the preliminary hearing indicates probable cause to believe that a crime was committed and that the defendant committed it, then the court must bind the defendant over for trial. Crim.P. 5(a)(4)(III).

In this case, the district court erred in failing to draw inferences from the testimony of the two witnesses that a crime had been committed and that the defendant had committed it. Many statements linking the defendant to the crime were made from the personal observation of the witnesses. These included the ages of the alleged victim and the defendant, the unmarried status of the alleged victim, and the presence of the alleged victim and the defendant in the same part of the house on the day the sexual assault allegedly occurred. In addition, both witnesses observed and could relate from personal observation the alleged victim's demeanor. The district court did not find these witnesses to be incredible. We must therefore accept their statements from personal knowledge as true.

In addition, the two prosecution witnesses provided hearsay evidence linking the defendant to the crime. The victim's mother stated that the child identified Jensen as the person who sexually assaulted her. Coll testified that the child said Jensen subjected her to sexual contact by rubbing his intimate parts against hers. He testified that the child said the sexual contact occurred on two separate occasions on the day they celebrated the mother's birthday.

■ Accepting these hearsay statements as true, and drawing all inferences favorable to the prosecution, we must conclude that the trial court abused its discretion in holding that probable cause was lacking to believe that a crime had been committed and that the defendant had committed it. As a matter of law, these hearsay statements may form the bulk of the evidence in the preliminary hearing. *Buhrle*, 744 P.2d at 749; *M.V.*, 742 P.2d at 329; *Quinn*, 183 Colo. at 250, 516 P.2d at 422. Although much of the testimony of the two prosecution witnesses was hearsay, they also testified concerning their observations of the alleged victim when she told them what had happened. Under our holding in *People ex rel. Van Meveren v. District Court*, 195 Colo. 1, 4, 575 P.2d 405, 407 (1978), we find this hearsay testimony to be admissible. We cannot accept the district court's observation that the lack of a perceiving witness is fatal to the prosecution's case at this stage of the proceedings. We conclude as a matter of law from the evidence at the preliminary hearing that there was probable cause to bind the defendant over for trial.

■ We also disagree with the district court's conclusion that section 13–25–129 applies to proceedings at the preliminary hearing stage. From a reading of the statute as a whole, it is clear that section 13–25–129 applies to trial proceedings but not to such probable cause proceedings as a preliminary hearing.

The judgment of the district court is reversed.