**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Jeffrey Allen HUGGINS, Sr., Defendant–Appellee.**

No. 07CA1259.

Colorado Court of Appeals, Div. III.

April 2, 2009.

Rehearing Denied April 30, 2009.

Pete Hautzinger, District Attorney, J. Andrew Lauer, Senior Trial Deputy District Attorney, Christopher Nerbonne, Deputy District Attorney, Grand Junction, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, David G. Eisner, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge RUSSEL.

The People appeal the trial court's order dismissing criminal charges against defendant, Jeffrey Allen Huggins, Sr. We have jurisdiction under section 16–12–102(1), C.R.S.2008. *See People v. Collins,* 32 P.3d 636, 639 (Colo.App.2001). We conclude that the court abused its discretion in dismissing the charges because it misapprehended the legal standard that governs the amount and type of hearsay that may be presented in a preliminary hearing. We therefore reverse and remand with directions to reinstate the charges.

## I. Background

Huggins's daughter, H.H., reported that she had been sexually abused by her father. On this information, the prosecution charged Huggins with sexual assault on a child, sexual assault on a child by one in a position of trust, and two pattern-of-abuse sentence enhancers.

At the preliminary hearing, the prosecution called one witness: the investigating police officer. Most of the officer's testimony was a hearsay account of H.H.'s statements. But some of the testimony was not hearsay. The officer relayed Huggins's admissions that he is H.H.'s father and is married to H.H.'s mother. *See* CRE 801(d)(2) (admissions of a party-opponent are not hearsay). The officer also observed that Huggins appears to be in his thirties and that H.H. appears to be less than thirteen years old.

Huggins did not ask the court to exclude, as unreliable, any hearsay statement. But at the end of the hearing, he asked the court to dismiss the charges on the ground that the prosecution had presented nothing but hearsay.

The court granted Huggins's request:

In this case, the Court finds that the prosecution has inordinately used hearsay evidence in an attempt to meet its burden of proving that probable cause exists. The Court therefore finds that the prosecution has not met its burden of proving that probable cause exists for the charges that have been filed in this case. The charges are therefore ORDERED dismissed.

## II. Governing Law

Preliminary hearings are used to screen out weak cases. *See* § 16–5–301(1)(a), C.R.S. 2008; *People v. Ayala,* 770 P.2d 1265, 1267 (Colo.1989) ("The sole issue at a preliminary hearing is whether probable cause exists to bind the accused over for trial.").

Because the preliminary hearing is merely a screening device, the rules of evidence do not apply. *See* CRE 1101(d)(3) (rules of evidence do not apply to "preliminary examinations in criminal cases"). Nevertheless, the judge has discretionary authority to exclude unreliable evidence. *See* Crim. P.

5(a)(4)(II) ("The judge presiding at the preliminary hearing may temper the rules of evidence in the exercise of sound judicial discretion."); 4 Wayne R. LaFave et al., *Criminal Procedure* § 14.4(b) & n. 12 (3d ed.2007) (placing Colorado in the "group of jurisdictions, perhaps a majority," that allows for the exclusion of evidence that is not sufficiently reliable).

■ The supreme court has established a general rule to guide the admission of hearsay evidence in preliminary hearings. The rule is that most, but not all, of the evidence may be hearsay:

> We have consistently ruled that at a preliminary hearing the prosecution may not rely solely upon hearsay evidence to establish probable cause when a perceiving witness is available to testify. However, we have also noted that hearsay evidence may constitute the great bulk of the prosecution's evidence in such proceedings.

*People v. Horn,* 772 P.2d 108, 109 (Colo.1989) (citations omitted); *see Abbott v. County Court,* 886 P.2d 730, 732 & n. 2 (Colo.1994) (although preliminary hearing may be based largely on hearsay, "reliance on hearsay evidence must not be abused").

This rule is framed by two leading cases.

In *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975), the supreme court granted relief to a defendant who had been bound over for trial following a preliminary hearing in which the sole witness was a police detective. The court noted that the detective's testimony "consisted of a hearsay account of a telephone conversation with the alleged victim, coupled with hearsay information the detective had gleaned from the police file." *Id.* at 445, 541 P.2d at 890. And it ruled that the preliminary hearing was defective because of the "inordinate use of hearsay." *Id.* at 447, 541 P.2d at 892.[1]

Three years later, in *People ex rel. VanMeveren v. District Court,* 195 Colo. 1, 575 P.2d 405 (1978), the court approved a preliminary hearing that comprised the testimony of one police officer. The court noted two features which distinguished that hearing from the one in *Maestas:*

1. Unlike the witness in *Maestas,* who was only "peripherally involved in the investigation," the witness in *VanMeveren* was the investigating officer, someone who "had knowledge and information about many of the aspects of the alleged crime."

2. In *Maestas,* the testimony "was totally hearsay and consisted mostly of information [that the witness] obtained from police files." In *VanMeveren,* the witness (1) "testified concerning his observations of the alleged victim when she made her complaint," and (2) "personally interviewed the defendant and witnesses whose statements he related."

*Id.* at 3–4, 575 P.2d at 407.

Recognizing that their case lies between *Maestas* and *VanMeveren,* the parties offer competing views on how the two cases should be reconciled.

The People argue that a preliminary hearing is outside the reach of *Maestas,* and thus is permissible under *VanMeveren,* if the prosecution presents *any* competent nonhearsay. We reject this view as too simplistic. If the prosecution may circumvent *Maestas* by presenting a bit of nonhearsay on any peripheral matter—such as the venue in which the alleged offense occurred—then the rule is meaningless.

Huggins argues that substantial reliance on hearsay is permissible under *VanMeveren* only if the witness offers personal observations about the declarant's demeanor. We reject this view as well. If counsel wish to explore the reliability of the hearsay statements, they certainly may ask the witness to describe the declarant's demeanor and the circumstances under which the statements were made. But this inquiry is required only if the defense has sought to exclude the

---

1. After concluding that the preliminary hearing was defective, the supreme court did not dismiss the charges but instead ordered another preliminary hearing. *See Maestas,* 189 Colo. at 448, 541 P.2d at 892. We therefore question whether dismissal is an appropriate remedy for undue reliance on hearsay. *See also McDonald v. District Court,* 195 Colo. 159, 162, 576 P.2d 169, 172 (1978) (supreme court ordered a new preliminary hearing to remedy the trial court's error in excluding the victim's testimony). However, we need not resolve this issue.

evidence as unreliable. If, as in this case, the hearsay is admitted without challenge, the prosecution should not be expected to ask about the declarant's demeanor as a matter of course.

We conclude, following *VanMeveren,* that the prosecution satisfies the minimum requirement for nonhearsay if it (1) presents some competent nonhearsay addressing essential elements of the offense, and (2) presents hearsay testimony through a witness who is connected to the offense or its investigation and is not merely reading from a report. *See also Whitman v. Superior Court,* 54 Cal.3d 1063, 2 Cal.Rptr.2d 160, 820 P.2d 262, 266–67 (1991) (under the state's constitution, the prosecution may present hearsay statements at a preliminary hearing as long as the testifying officer is not "a mere reader" but one who has "sufficient knowledge of the crime or the circumstances under which the out-of-court statement was made so as to meaningfully assist the magistrate in assessing the reliability of the statement").

### III. Analysis

In this case, the People satisfied the minimum requirements. The prosecution produced competent nonhearsay to establish the status elements of the charged offense: (1) that the alleged victim was under the age of fifteen; and (2) that the alleged victim is not the defendant's spouse. *See* § 18–3–405(1), C.R.S.2008 (defining offense of sexual assault on a child); § 18–3–405.3, C.R.S.2008 (defining offense of sexual assault on a child by one in a position of trust). The prosecution also produced the victim's statements through the testimony of the investigating officer, a witness who was familiar with the alleged events and did not merely read from a report.

Had the district court understood the correct legal standard, it necessarily would have approved the prosecution's reliance on hearsay evidence. We therefore conclude that the district court misperceived the governing standard and accordingly abused its discretion. *See BS & C Enterprises, L.L.C. v. Barnett,* 186 P.3d 128, 130 (Colo.App.2008) ("A trial court abuses its discretion if it applies an incorrect legal standard.").

We further conclude that the information presented at the preliminary hearing established probable cause to believe that defendant committed the charged offenses. *Cf. People v. Hall,* 999 P.2d 207, 221 (Colo.2000) ("If we determine that a lower court applied an erroneous construction of law at a preliminary hearing, we will review the record and determine whether the facts, when viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the crime charged."). We therefore reverse the trial court's ruling and remand so that the court may bind the matter over for trial. (We are aware that defendant may raise other arguments in support of a motion to dismiss his charges. We express no opinion on the merits of those potential arguments.)

The order is reversed and the case is remanded to reinstate the charges and to bind the matter over for trial.

Judge CASEBOLT and Judge J. JONES concur.