The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 1, 2018

## 2018COA155

## No. 18CA0710 People v. Hodge — Crimes — Unlawful Sexual Behavior — Sexual Assault on a Child

In this interlocutory appeal, a division of the court of appeals interprets section 18-3-405(1) and (2)(a), C.R.S. 2018, to hold that a child sexual assault victim cannot legally consent to the use of force during an unlawful sexual act.  The division reverses the district court's order dismissing the use of force aggravator after a preliminary hearing and remands the case for reinstatement of the original charges as class 3 felony sexual assault on a child.

COLORADO COURT OF APPEALS      **2018COA155**

Court of Appeals No. 18CA0710
El Paso County District Court No. 18CR287
Honorable Theresa M. Cisneros, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Travis Hodge,

Defendant-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE FREYRE
Furman and Dunn, JJ., concur

Announced November 1, 2018

Daniel H. May, District Attorney, Doyle J. Baker, Senior Deputy District Attorney, Oliver A. Robinson, Deputy District Attorney, Stephanie J. Redfield, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Megan M. Morris, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellee

¶ 1     The prosecution charged Travis Hodge with three counts of sexual assault on a child and alleged that he "applied force against the victim to accomplish or facilitate the sexual contact," rendering each a class 3 felony under section 18-3-405(1) and (2)(a).

¶ 2     The People appeal the district court's order dismissing three force aggravators for three sexual assault on a child charges against defendant, Hodge, based on its finding that because the victim had consented to the force used (restraints), the prosecution did not establish probable cause for the use of force at the preliminary hearing.  We resolve a novel question in Colorado by concluding that a child victim cannot consent to the use of force.  Therefore, we reverse the order and remand the case for reinstatement of three sexual assault on a child charges as class 3 felonies.

## I.     Background

¶ 3     At the preliminary hearing, the prosecution presented testimony from a police officer and a forensic interviewer.  The officer testified that Hodge, who lived out of state, met the fourteen-year-old victim in an online chat room.  Hodge and the victim discussed, among other things, sexual fantasies, which included

1

bondage and dominant and submissive sexual acts (BDSM).[1]  The victim told the officer that they had arranged to meet in person and had devised a plan whereby Hodge would pose as the father of one of the victim's friends and then pick him up for a purported overnight at the friend's house.

¶ 4      Hodge flew to Colorado and retrieved the victim from his home in Boulder.  He drove the victim to a vacation rental home in Colorado Springs.  When they arrived, Hodge asked the victim to undress to his level of comfort — the victim removed all of his clothing except his underwear.  Hodge then placed a padlocked collar around the victim's neck, handcuffed the victim's hands behind his back, and placed a ball gag in the victim's mouth.  According to the forensic interviewer, Hodge then sodomized the victim with his fingers, a dildo, and his penis.  Hodge and the victim also performed fellatio on one other.  The victim remained handcuffed throughout these acts.

---

[1] "BDSM" is a common initialism for "sexual activity involving such practices as the use of physical restraints, the granting and relinquishing of control, and the infliction of pain."  Merriam-Webster Dictionary, https://perma.cc/UVM9-FSVN.

¶ 5    Eventually, the victim realized the events had become "real" and wanted to end the encounter.  He told Hodge he felt sick and needed to throw up.  Hodge removed the restraints, and the victim suggested that they take a nap.  When Hodge fell asleep, the victim left the house and contacted the police.

¶ 6    At the end of the hearing, the court concluded that the evidence supported probable cause for the sexual assault on a child charges as class 4 felonies.  However, the court requested additional briefing on whether it could bind over the same charges as class 3 felonies when the undisputed evidence showed that the victim had consented to the use of the restraints.

¶ 7    After considering the parties' arguments and briefs, the court issued a written order in which it found that the handcuffs and ball gag were "part of the sexual activity that the [victim] and the defendant agreed to, and they were not used as force in order to accomplish or facilitate the sexual contact."  The court concluded there was "insufficient evidence to establish that force was used to accomplish or facilitate the sexual contact," and it bound over the relevant sexual assault charges as class 4 felonies.  Thus, it was the

consensual use of the restraints rather than the restraints themselves, that rendered the evidence of force insufficient.

¶ 8      The People contend that the preliminary hearing evidence was sufficient for the court to infer that Hodge facilitated sexual contact with the victim by the use of the restraints, and that the court legally erred in finding that a fourteen-year-old victim could consent to the use of restraints as part of a sexual act.  We agree.

## II.   Sufficient Evidence Established Probable Cause for the Force Aggravator

### A.   Standard of Review and Law

¶ 9      A district court's dismissal of one or more counts of a charging document before trial is a final order reviewable on appeal. § 16-12-102(1), C.R.S. 2018; *see also People v. Severin,* 122 P.3d 1073, 1074 (Colo. App. 2005) (explaining that reducing a charge "in effect dismisses the greater charge and substitutes a lesser one" under C.A.R. 4(b)(3), and is properly appealed under C.A.R. 4.1).

¶ 10     A preliminary hearing is not a mini trial.  *People v. Jensen,* 765 P.2d 1028, 1030 (Colo. 1988).  Rather,

> [a] preliminary hearing serves the limited
> purpose of determining whether there is
> probable cause to believe that an offense has
> been committed and that the person charged

committed the offense. The prosecution is not required to produce evidence sufficient to support a conviction; rather, it need only present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime.

*People v. Collins*, 32 P.3d 636, 639-40 (Colo. App. 2001); *see People v. Simpson*, 2012 COA 156, ¶ 11. "The court must view all evidence and draw all inferences in favor of the prosecution . . . ." *People v. Hall*, 999 P.2d 207, 221 (Colo. 2000).

¶ 11    We will uphold the district court's decision that probable cause has not been established absent a showing that the court abused its discretion. *Id.* Only when we determine that the district court has "applied an erroneous construction of law at a preliminary hearing" will we review the record to determine whether the evidence, "when viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the crime charged." *Id.* We review the court's legal conclusions de novo. *Id.*

¶ 12    In addition, we review questions of statutory interpretation de novo. *Bostelman v. People*, 162 P.3d 686, 689 (Colo. 2007). "In

interpreting a statute, our primary goals are to discern and give effect to the General Assembly's intent." *Krol v. CF & I Steel*, 2013 COA 32, ¶ 2. "We look first to the statutory language, giving the words and phrases used therein their plain and ordinary meanings." *Id.* "When the statutory language is clear and unambiguous, there is no need to resort to interpretive rules and statutory construction." *People v. Rice*, 198 P.3d 1241, 1244 (Colo. App. 2008).

## B. Analysis

¶ 13 Hodge contends that the use of restraints does not satisfy the definition of "force" when a child victim consents to their use. "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." § 18-3-405(1). "Sexual assault on a child is a class 4 felony, but it is a class 3 felony if . . . [t]he actor applies force against the victim in order to accomplish or facilitate sexual contact . . . ." § 18-3-405(2)(a). These statutes contain no language requiring the prosecution to prove that the defendant's conduct was against the victim's will.

¶ 14    The General Assembly has not defined "force," and the People contend that the plain and ordinary meaning of force is "violence, compulsion or constraint exerted upon or against a person or thing." They argue that the restraints Hodge used were constraints exerted upon the victim. Consistent with this argument, several divisions of this court have defined "physical force" in the adult sexual assault statute, § 18-3-402, C.R.S. 2018, as "force applied to the body," and they have defined "physical violence" as "unjust or unwarranted exercise of physical force." *People v. Keene*, 226 P.3d 1140, 1143 (Colo. App. 2009) (citation omitted); *see also People v. Bryant*, 2013 COA 28, ¶ 17; *People v. Holwuttle*, 155 P.3d 447, 450 (Colo. App. 2006). "Physical force," therefore, only requires that some exertion of energy (force) be applied to the body and does not require an "extra application" of force. *Bryant*, ¶ 17 (quoting *Keene*, 226 P.3d at 1143). Such force includes a defendant's use of his body weight to hold a victim down. *See Keene*, 226 P.3d at 1143. And it includes evidence that a defendant grabbed a woman's breasts and held them tightly. *People ex rel. VanMeveren v. Dist. Court*, 195 Colo. 1, 4-5, 575 P.2d 405, 407 (1978).

¶ 15    Hodge contends that these readings are incorrect and involve a "strained" definition.  He relies on Black's Law Dictionary, which defines force as "[p]ower, violence, or pressure directed against a person or thing," Black's Law Dictionary 760 (10th ed. 2014), and on the definition cited by the People — "violence, compulsion, or constraint exerted upon or against a person or thing," — from Webster's Collegiate Dictionary 489 (11th ed. 2004).  He argues that these definitions necessarily connote coercion or compulsion, which include a lack of consent, and that they foreclose any consensual actions.

¶ 16    We acknowledge that it is "not error to turn to *Black's Law Dictionary* to glean the most widely accepted legal meaning of" a term.  *Holwuttle*, 155 P.3d at 450.  However, we disagree with Hodge's interpretation and find persuasive the authorities noted above that require only the application of force to the body.  Moreover, our reading of "force" is consistent with the adult sexual assault statute, which requires proof of nonconsent by defining sexual assault as the knowing infliction of sexual intrusion or sexual penetration, and stating that "[t]he actor causes submission of the victim by means of sufficient consequence reasonably

8

calculated to cause submission *against the victim's will.*" § 18-3-402(1)(a) (emphasis added). Unlike sexual crimes committed against adults, in which the prosecution must prove nonconsent as an element of the offense (or stated differently, where consent is a defense to the crime), child sexual assault contains no such element and recognizes that a child cannot legally consent to sexual contact or to any conduct that facilitates that sexual contact. *See People v. Sparks*, 2018 COA 1, ¶ 13 (explaining that the law does not recognize the child as the initiator of unlawful sexual contact or activity with an adult); *see also* § 18-1-505(1), C.R.S. 2018 (permitting consent as an affirmative defense only when it "negatives an element of the offense"); *United States v. De La Cruz-Garcia*, 590 F.3d 1157, 1160 (10th Cir. 2010) (construing section 18-3-405(1) as recognizing that sexual activity between an adult and a minor "inherently involves taking unfair or undue advantage of the victim"). Hodge directs us to no authority, nor have we found any, that would permit a defendant to assert the defense of consent to the force aggravator in section 18-3-405(2)(a) when it is not authorized as a defense to the crime itself under 18-3-405(1). And we may not read a nonconsent element into the child

9

sexual assault statute or the force aggravator that is not there. *See People v. Diaz*, 2015 CO 28, ¶ 12 ("We do not add words to the statute or subtract words from it." (quoting *Turbyne v. People*, 151 P.3d 563, 567 (Colo. 2007))).

¶ 17    For the same reasons, we are not persuaded that the language "against the victim," § 18-3-405(2)(a), implies that the force must be nonconsensual or that the child may consent to the force used. If the General Assembly had intended the force to be against the victim's will, it would have said so, as it did in the adult sexual assault statute, section 18-3-402(1)(a) ("The actor causes submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim's will . . . .").

¶ 18    Because we conclude that the court legally erred in finding that the victim's agreement to use the restraints did not constitute the use of force, we review the record to determine whether the evidence, "when viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the crime charged." *Hall*, 999 P.2d at 221.

¶ 19    The People presented evidence that Hodge and the victim discussed BDSM and sexual fantasies at length before they met, that Hodge applied the restraints in preparation for the sexual contact, and that the restraints remained on the victim throughout the sexual activities.[2]  Given the limited nature of a preliminary hearing and the low standard for establishing probable cause, we conclude that it is reasonable to infer from the evidence presented that Hodge used force to facilitate the sexual contact under section 18-3-405(2)(a), and, therefore, we necessarily reject his contention to the contrary.  Accordingly, we agree with the People that a person of ordinary prudence and caution could reasonably believe that the restraints used here constituted force that facilitated the sexual contact, and thereby established probable cause for sexual assault on a child as a class 3 felony.  Of course, whether the use of these restraints constitutes force beyond a reasonable doubt is for a jury to determine.

_____

[2] Because Hodge only contests the force aggravator and does not contest the sufficiency of probable cause as to the remaining elements of sexual assault on a child, we do not further discuss those other elements.

¶ 20 Finally, we decline to address Hodge's constitutional challenges to the sexual assault on a child statute on vagueness and equal protection grounds. Hodge did not make these challenges in his briefing to the district court, and, thus, they are not properly before us in this interlocutory appeal. *See People v. Canton*, 951 P.2d 907, 909 n.4 (Colo. 1998) ("We do not address issues raised by the defendant and not resolved by the trial court in an interlocutory appeal."); *People v. Bland*, 884 P.2d 312, 322 (Colo. 1994) (declining review of the defendant's strip search argument "because it was not addressed by the trial court and in any event is not appropriate for review under C.A.R. 4.1" because a defendant is not entitled to interlocutory relief).

## III.   Conclusion

¶ 21 The order is reversed, and the case is remanded for reinstatement of counts one through three as class 3 felony sexual assault on a child.

JUDGE FURMAN and JUDGE DUNN concur.

12