**PUBLISH**

**January 5, 2010**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ANTONIO DE LA CRUZ-GARCIA,

      Defendant–Appellant.

No. 08-2298

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:08-CR-00378-BB-1)**

---

Scott M. Davidson, Scott M. Davidson, Ph.D., Esq., LLC, Albuquerque, New Mexico for the Defendant–Appellant.

Laura Fashing (Gregory J. Fouratt, U.S. Attorney, with her on the briefs), Office of the United States Attorney, District of New Mexico, Albuquerque, New Mexico for the Plaintiff–Appellee.

---

Before **TACHA**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

In this case we must decide whether a Colorado conviction for attempted sexual assault on a child is a "crime of violence" under the United States Sentencing Guidelines ("U.S.S.G.") that warrants a sixteen-level sentencing enhancement. We conclude that the crime described by the Colorado statute at issue constitutes "sexual abuse of a minor" and is therefore a "crime of violence." Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Border patrol agents stopped Antonio De La Cruz-Garcia just north of the United States-Mexico border on December 5, 2007. He admitted that he was a citizen of Mexico and was in the United States illegally. Immigration records showed that he had been deported just eight days earlier, on November 27, 2007. De La Cruz-Garcia pled guilty to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2) on April 9, 2008, without a plea agreement.

Prior to sentencing, a United States Probation Officer prepared a presentence investigation report ("PSR") recommending a sixteen-level enhancement because, prior to removal, De La Cruz-Garcia had been convicted of a "crime of violence" as defined by U.S.S.G. § 2L1.2(b)(1)(A)(ii) & cmt. n.1(B)(iii) (2007).[1] The PSR explained that De La Cruz-Garcia had been convicted of felony "Sexual Assault/Child – Attempted" in 2006 in

---

[1] Unless otherwise noted, all Guidelines citations refer to the 2007 version of the Guidelines, which were in effect when De La Cruz-Garcia committed the offense of conviction.

Colorado state court. According to the PSR, De La Cruz-Garcia had been staying with a Colorado family because he was homeless. One member of the family, an eight-year-old girl, awoke to De La Cruz-Garcia touching her vagina and buttocks over her clothes. She told him to stop, but he did not. The victim left the room and later told her sister, who reported the incident to her parents.

De La Cruz-Garcia objected to the enhancement arguing that the Colorado statute under which he was convicted, Colo. Rev. Stat. § 18-3-405(1), criminalizes conduct that is not necessarily a "crime of violence." The district court disagreed, concluding that a sixteen-level increase was warranted. De La Cruz-Garcia's advisory Guidelines range was thus fifty-seven to seventy-one months. However, the district court granted De La Cruz-Garcia a downward departure because "the sexual abuse of a minor was not of the most serious type." It imposed a sentence of forty-eight months' imprisonment. De La Cruz-Garcia timely appealed his sentence.

## II

### A

In reviewing a district court's application of the Guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Wolfe, 435 F.3d 1289, 1295 (10th Cir. 2006). De La Cruz-Garcia claims the district court committed three errors: (1) it considered the individual facts of his state-court conviction rather than applying the "categorical approach" mandated by Taylor v. United States, 495 U.S. 575, 600-02 (1990); (2) it fashioned his sentence based on the 2008 version of the Guidelines

-3-

instead of the version in effect when the offense of conviction was committed in violation of United States v. Foote, 413 F.3d 1240, 1249 (10th Cir. 2005); and (3) it erroneously concluded that Colo. Rev. Stat. § 18-3-405(1) is a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

De La Cruz-Garcia's first two arguments relate to the manner in which the district court determined that the Colorado statute criminalizes a "crime of violence." However, if the district court's ultimate conclusion that De La Cruz-Garcia was subject to a sixteen-level enhancement was correct, any asserted procedural errors in reaching that conclusion would be harmless. We will not reverse a harmless error.[2] See United States v. Kaufman, 546 F.3d 1242, 1270 (10th Cir. 2008). Because De La Cruz-Garcia's two procedural claims must fail if his substantive claim fails—and, as discussed infra, we conclude that it does—we will assume for purposes of this appeal that the district court relied on the specific facts of De La Cruz-Garcia's conviction and that the court used the 2008 version of the Guidelines, despite our doubts that either assumption is accurate.

---

[2] De La Cruz-Garcia did not advance his second argument—alleged use of the 2008 Guidelines—before the district court. Accordingly, we review that claim only for plain error. United States v. Massey, 48 F.3d 1560, 1568 (10th Cir. 1995). Plain error is: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1222 (10th Cir. 2008). To satisfy the third prong of this test, De La Cruz-Garcia must show that "the error affected the outcome of the district court proceedings." United States v. Portillo-Vega, 478 F.3d 1194, 1202 (10th Cir. 2007) (quotation omitted). Thus, a harmless error cannot be plain error.

**B**

U.S.S.G. § 2L1.2(b)(1) imposes a sixteen-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence."  The phrase "crime of violence" is defined as:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[3]

In determining whether a prior conviction constitutes a "crime of violence," courts must follow the "categorical approach."  Taylor, 495 U.S. at 602.  To do so, courts look to the statute of conviction rather than examining the particular facts of the defendant's crime.  United States v. Romero-Hernandez, 505 F.3d 1082, 1085 (10th Cir. 2007).

The Colorado statute under which De La Cruz-Garcia was convicted states:  "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the

---

[3] Effective November 1, 2008, this provision was amended to note that "forcible sex offenses" include those "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." U.S.S.G. Manual supp. to app. C, amend. 722, at 302-03 (November 1, 2009).

actor is at least four years older than the victim." Colo. Rev. Stat. § 18-3-405(1).[4] The

phrase "sexual contact" is defined as:

> the knowing touching of the victim's intimate parts by the actor, or of the
> actor's intimate parts by the victim, or the knowing touching of the clothing
> covering the immediate area of the victim's or actor's intimate parts if that
> sexual contact is for the purposes of sexual arousal, gratification, or abuse.

Colo. Rev. Stat. § 18-3-401(4).

We hold that the Colorado statute criminalizes only activity that qualifies as

"sexual abuse of a minor," and thus meets the definition of "crime of violence." U.S.S.G.

§ 2L1.2 cmt. n.1(B)(iii). Because the Guidelines do not define the phrase "sexual abuse

of a minor," "we look to the 'ordinary, contemporary, and common' meanings of the

words used." Romero-Hernandez, 505 F.3d at 1087 (quoting Perrin v. United States, 444

U.S. 37, 42 (1979)).[5]

A "minor" is a "person who is under the age of legal competence. . . . In most

states, a person is no longer a minor after reaching the age of 18." Black's Law

Dictionary at 997 (6th ed. 1991); see also Webster's 3d Int'l Dictionary Unabridged at

1439 (1993) (defining "minor" as "a person of either sex under full age of majority . . .

---

[4] The Guidelines do not distinguish between an attempt and a successful
commission for purposes of determining whether a crime is a "crime of violence." See
U.S.S.G. § 2L1.2 cmt. n.5.

[5] De La Cruz-Garcia argues that the Colorado statute is broader than the federal
crime denominated "sexual abuse of a minor," 18 U.S.C. § 2243(a). This contention
misses the mark. We do not look to the definition of a federal crime to determine
whether a state statute is a crime of violence; we look to the ordinary meaning of the
words used in the Guidelines. Romero-Hernandez, 50 F.3d at 1087.

one who in England and generally in the U.S. is under 21 years of age"). Although there may be some ambiguity as to precisely when an individual ceases being a minor, the term certainly applies to a person fourteen years of age, the maximum age of a victim under Colo. Rev. Stat. § 18-3-405(1).

"Sexual" means "of or relating to the sphere of behavior associated with libidinal gratification." Webster's 3d Int'l Dictionary Unabridged at 2082. Because the Colorado statute requires as an element the touching of the victim or the perpetrator's "intimate parts . . . for the purpose of sexual arousal, gratification, or abuse," Colo. Rev. Stat. § 18-3-401(4), it is limited to "sexual" acts.

Lastly, "abuse" is defined as to "take unfair or undue advantage of" and "to use or treat so as to injure, hurt, or damage." Webster's 3d Int'l Dictionary Unabridged at 8; see also Black's Law Dictionary at 10 (defining "abuse" as "[p]hysical or mental maltreatment"). The Colorado statute is limited to abusive conduct; it requires:

> the knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse.

Colo. Rev. Stat. § 18-3-401(4). Because the "victim" must be a minor, the above-described contact is necessarily abusive. When an older person subjects a minor to such contact, the minor is legally incapable of granting consent, see Colo. Rev. Stat. § 18-3-405(1); engaging in nonconsensual sexual activity with a victim inherently involves taking unfair or undue advantage of the victim. Further, such contact is almost certain to

-7-

injure, hurt, or damage the minor psychologically, if not physically.

De La Cruz-Garcia argues that the Colorado statute would apply to a person touching his own intimate parts or the clothing covering those parts in the presence of a minor, and that such conduct would not constitute a crime of violence. De La Cruz-Garcia's construction is strained. By expressly referring to "touching of the <u>victim's</u> intimate parts <u>by the actor</u>, or of the <u>actor's</u> intimate parts <u>by the victim</u>," the statute seemingly requires some contact between the victim and perpetrator. Colo. Rev. Stat. § 18-3-401(4) (emphases added). The final portion of the sentence, "or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts," <u>id.</u>, appears merely to clarify that "sexual contact" may occur through clothing.

In any event, adopting De La Cruz-Garcia's interpretation of the statute would not aid him. We agree with our sibling circuit that exposing a minor to a lascivious display also qualifies as "sexual abuse" because it "requires exposure with knowledge of the child's presence, thereby wrongly and improperly using the minor and thereby harming the minor." <u>United States v. Zavala-Sustaita</u>, 214 F.3d 601, 604 (5th Cir. 2000). As the Fifth Circuit further noted,

> [a] distinction that treats a stranger's brief groping of a child in a public shower as qualitatively more serious than the conduct of an adult who verbally forces a child to watch him repeatedly engage in sex acts is unjustifiable. Both acts are clearly forms of "sexual abuse" as that phrase is commonly understood. . . .
>    . . . Since psychological harm can occur without physical contact, a distinction based only on physical contact would miss the essential nature of "sexual abuse."

-8-

Id. at 605.

Accordingly, we hold that even under the broadest interpretation of Colo. Rev. Stat. § 18-3-405(1), the statute criminalizes only acts that constitute "sexual abuse of a minor" and thus "crime[s] of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  In so holding, we join several circuits that have construed similar statutes as crimes of violence.  See United States v. Garcia-Juarez, 421 F.3d 655, 656, 659 (8th Cir. 2005) (Iowa Code § 709.8, "Lascivious Acts with a Child," criminalizes sexual abuse of a minor); United States v. Orduno-Mireles, 405 F.3d 960, 961 (11th Cir. 2005) ("[U]nlawful sexual activity with certain minors qualifies as a crime of violence within the Guidelines definition, either as sexual abuse of a minor or statutory rape."); Zavala-Sustaita, 214 F.3d at 602, 607 (Tex. Penal Code § 21.11(a)(2), "sexual indecency with a child by exposure," is sexual abuse of a minor); United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999) ("[C]onviction under California Penal Code Section 288(a) [for committing a lewd or lascivious act with a minor] qualified as a conviction for 'sexual abuse of a minor' . . . .").

## III

Because the district court properly imposed a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), De La Cruz-Garcia's sentence is **AFFIRMED**.