**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

PETER HELMUT BECKER,

      Defendant–Appellant.

No. 09-5154

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:09-CR-00077-GKF-1)**

---

Terry Weber, Tulsa, Oklahoma, for the Defendant-Appellant.

Leena Alam, (Clinton Johnson with her on the briefs), Office of the United States Attorney, Northern District of Oklahoma, Tulsa, Oklahoma for the Plaintiff-Appellee.

---

Before **KELLY, LUCERO,** and **HOLMES,** Circuit Judges.

---

**LUCERO**, Circuit Judge.

Peter Helmut Becker appeals his sentence for receipt and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B). He argues that the district court erred in finding that his earlier Illinois conviction for solicitation of a minor qualified as "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct of a minor" under 18 U.S.C. § 2252(b)(1) and (2). Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

**I**

Becker pled guilty to receipt of child pornography, 18 U.S.C. § 2252(a)(2), and possession of child pornography, § 2252(a)(4)(B). A Presentence Investigation Report ("PSR") indicated that Becker was subject to mandatory minimum sentences of ten and fifteen years for the two crimes pursuant to § 2252(b)(1) and (2). Subsections (b)(1) and (2) use identical language, applying if a defendant has a previous conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."

The PSR relied upon a 2001 conviction for which Becker pled guilty to an Illinois state charge of Indecent Solicitation of a Child. This earlier crime's indictment specified that Becker had the "intent that the offense of Aggravated Criminal Sexual Abuse be committed" when he solicited, over the Internet, someone whom he "believed was a child under seventeen" to perform oral sex. She was actually a police officer. When Becker left his home in Kansas to meet the "child" for sex in Illinois, he was was arrested.

The district court concurred with the PSR, applied § 2252(b)'s mandatory minimum provisions, and sentenced Becker to concurrent sentences of 180 months for

receipt of child pornography and 120 months for possession of child pornography.

Becker's only argument on appeal is that the district court improperly applied

§ 2252(b)(1) and (2) based on his Illinois conviction.

## II

"We review the district court's interpretation of a criminal statute de novo."

United States v. Romero, 122 F.3d 1334, 1337 (10th Cir. 1997). If the plain language of

the statute is unambiguous, "our inquiry ends." Id.

Becker suggests that the phrase "relating to" should be construed narrowly, thus

excluding his prior conviction. Using his preferred narrow construction, he contends that

his Illinois conviction: (1) was for an inchoate crime, and was therefore not "relating to

aggravated sexual abuse, sexual abuse, or abusive sexual conduct"; and (2) was for

soliciting a police officer, and so was not "relating to" a crime involving a minor or ward.

His arguments are unavailing. In another context, the Supreme Court held that the plain

meaning of "relating to" is broad, though not unlimited. Morales v. Trans World

Airlines, 504 U.S. 374, 383 (1992). We have applied this same broad interpretation to

§ 2252(b). United States v. McCutchen, 419 F.3d 1122, 1127-28 (10th Cir. 2005).

Becker relies on the lone countervailing circuit court decision, United States v.

McGrattan, 504 F.3d 608 (6th Cir. 2007), which contradicts McCutchen and undermines

the plain meaning of § 2252(b). Because § 2252(b) must be read broadly, Becker's

Illinois conviction plainly falls within its ambit, and his sentence must therefore be

affirmed.

**A**

In <u>McCutchen</u>, we rejected the argument that § 2252(b) should be construed in a "narrow categorical" manner. 419 F.3d at 1127. McCutchen's predicate offense was a Kansas conviction for sexual battery. <u>Id.</u> at 1123. Although the victim of that prior crime was a child under the age of sixteen, Kansas' sexual battery statute did not require a child victim as an element of the offense. <u>See id.</u> at 1124. McCutchen relied on <u>Taylor v. United States</u>, 495 U.S. 575 (1990), a case in which the Supreme Court interpreted a mandatory minimum provision that applied if a defendant had a prior "burglary" conviction. <u>Id.</u> at 578. The Court held that the crucial test was whether the state crime had all the "basic elements" of burglary. <u>Id.</u> at 599. By analogy, McCutchen contended, § 2252(b)'s minimums apply only if the predicate conviction included as an element the victim's status as a minor. <u>McCutchen</u>, 419 F.3d at 1125. We rejected the "categorical" approach to § 2252(b), pointing to a critical feature distinguishing § 2252(b) and the statute at issue in <u>Taylor</u>: the phrase "relating to." <u>McCutchen</u>, 419 F.3d at 1126. As we noted, the Supreme Court has held, "relating to carries a broad ordinary meaning, i.e., to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with." <u>Id.</u> at 1126-27 (quoting <u>Morales</u>, 504 U.S. at 383) (internal quotation marks omitted).[1]

---

[1] Our holding in <u>McCutchen</u> is consistent with the majority of our sister circuits that have considered "relating to" in the context of § 2252(b). <u>See, e.g.</u>, <u>United States v. Stults</u>, 575 F.3d 834, 845 (8th Cir. 2009); <u>United States v. Hubbard</u>, 480 F.3d 341, 348 (5th Cir. 2007); <u>United States v. Sinerius</u>, 504 F.3d 737, 743 (9th Cir. 2007) (interpreting § 2252A(b)(1)); <u>United States v. Rezin</u>, 322 F.3d 443, 448 (7th Cir. 2003); <u>United States v. Mills</u>, 224 Fed. App'x 232, 234-35 (4th Cir. 2007) (unpublished) (broad application of

Becker urges us, in essence, to depart from McCutchen and apply the district court decision reversed in Hubbard, 480 F.3d at 348, and the Sixth Circuit's approach from McGrattan, 504 F.3d at 612. In Hubbard, the Northern District of Texas reasoned that the sex crimes listed in § 2252A(b)(1) were defined elsewhere in the federal criminal code—for example, "sexual abuse" is defined by specific elements in 18 U.S.C. § 2252— and that Hubbard's crime did not fit into any statutory definition included in § 2252A(b)(1). See United States v. Hubbard, No. 3:04-CR-220-M, 2005 WL 936965, at *2 (N.D. Tex. Apr. 20, 2005) (unpublished). That reasoning was rejected on appeal. See Hubbard, 480 F.3d at 343. McGrattan followed a similar logic. McGrattan's predicate offense, like Hubbard's and Becker's, arose out of his Internet communication with a law enforcement officer's child avatar. 504 F.3d at 609. Rejecting our approach in McCutchen, the Sixth Circuit applied the Taylor framework to determine whether McGrattan's crime came categorically within § 2252(b). McGrattan, 504 F.3d at 612.

Neither the district court's Hubbard decision nor the Sixth Circuit's McGrattan opinion is persuasive. Both apply the categorical approach, which we have squarely rejected in a § 2252(b) context. Additionally, McGrattan's holding that the phrase "relating to" is "immaterial in the constitutional context," 504 F.3d at 612, does not apply to Becker because he does not advance a constitutional argument.[2] Thus, we have no

_____

"relating to" in § 2252A(b)(1), which has relevant language identical to § 2252(b)); United States v. Harding, 172 Fed. App'x 910, 912-13 (11th Cir. 2006) (unpublished) (favorably citing McCutchen). But see McGrattan, 504 F.3d at 612 (rejecting our approach in McCutchen and adopting the categorical approach).

[2] McGrattan relied upon Shepard v. United States, 544 U.S. 13 (2005), in which the central issue was whether the government could prove the elements of a prior

reason to depart from McCutchen's conclusion that "relating to" in § 2252(b) applies to a broad range of prior sex convictions, and a sentencing court may "look beyond the mere elements of a prior state conviction in determining whether such conviction is sufficient to trigger application of the [statutory minimum]." 419 F.3d at 1127 (quotation omitted).

**B**

Given our broad reading of § 2252(b), the only issue is whether Becker's Illinois conviction fits within that broad definition. Becker argues that the statute does not apply because his predicate conviction was for an inchoate crime, and the conviction relied on mere belief that a child was involved. He claims that this distinguishes his case from McCutchen.

Using the broad interpretation of § 2252(b), two of our sister circuits have held that inchoate sex crimes constitute prior convictions "relating to" sexual abuse of a minor. In Stults, the defendant had been convicted for attempted sexual assault of an actual child. 575 F.3d at 839. Applying Morales, the Eighth Circuit held that Stults' attempt conviction "'stands in some relation to' or 'pertains to' the crimes of aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," and applied § 2252(b)'s mandatory minimum. Stults, 575 F.3d at 846. Hubbard addressed both

---

conviction with a police report. The only constitutional concern in Shepard was ensuring that all facts relied upon for a federal sentencing enhancement were found by a jury or admitted by the defendant. 544 U.S. at 24-25. As we explained in McCutchen, a district court may rely on the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine whether the prior conviction fits within the language of § 2252(b). 419 F.3d at 1128 (quoting Shepard, 544 U.S. at 16). Becker does not claim that the district court did otherwise.

arguments Becker raises. Hubbard was convicted under state law for attempting to make a series of lewd or indecent proposals to engage in unlawful sexual relations with a person he believed was a child, but who was actually a police officer. 480 F.3d at 343. Based on the broad meaning of "relating to," the Fifth Circuit reasoned that Hubbard's earlier conviction triggered the statutory minimum, even though there was neither actual sexual contact nor an actual minor victim. Id. at 347, 350.

Similarly, Becker's conviction for Indecent Solicitation of a Child clearly "relates to . . . sexual abuse . . . involving a minor." § 2252(b)(1). Under McCutchen, the offense need only "stand in some relation to," "pertain to," or have a "connection with" sexual abuse of a minor. 419 F.3d at 1127 (quotation omitted). The language of the Illinois statute under which Becker was convicted provides:

> A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct . . . .

720 Ill. Comp. Stat. 5/11-6 (emphasis added). Because the crime for which Becker was convicted requires intent to commit the types of acts explicitly listed under § 2252(b)(1), we have no difficulty concluding that his previous conviction has a clear connection to (i.e., stands in relation to or pertains to) sexual abuse of a minor. Furthermore, we agree with the Fifth Circuit that it is "of no moment" that the targeted victim of Becker's previous criminal activity was, in reality, an adult law enforcement officer. Hubbard, 480

F.3d at 346.[3] Factual impossibility is "generally not a defense" to the crime of attempt, an intent-based transgression. United States v. Sims, 428 F.3d 945, 959-60 (10th Cir. 2005). What matters instead is the defendant's intent and the actions he took toward his objective. Becker intended to sexually assault or sexually abuse a child. That no child was actually involved in Becker's prior conviction is largely immaterial. Becker believed one was, and acted in accordance with this belief. His crime, therefore, clearly stands in some relation to sexual abuse of a minor. Cf. United States v. Weis, 487 F.3d 1148, 1152 (8th Cir. 2007) ("Weis's prior conviction required 'intent to commit sexual abuse.' Such a mens rea demonstrates the offense is one 'relating to' sexual abuse."). Application of § 2252(b)'s mandatory minimums was thus entirely appropriate.

## III

Because the plain language of § 2252(b)(1) and (2) encompasses Becker's previous Illinois conviction, we **AFFIRM**.

---

[3] Although we agree with the Fifth Circuit's Hubbard decision in this regard, we caution that our opinion today should not be read to endorse the position, also adopted in Hubbard, that § 2252(b) "does not require aggravated sexual abuse or sexual abuse of a minor," and that "the phrase 'involving a minor' modifies only 'abusive conduct.'" 480 F.3d at 350 (emphasis added). This issue—whether the sexual abuse of adults would qualify as a predicate offense under § 2252(b)—is not before us today.