FILED
United States Court of Appeals
Tenth Circuit

June 1, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff-Appellee,

v.

DAVID MARTINEZ-ZAMARIPA,
a/k/a David Jose Martinez-Zamaripa,
a/k/a David Zamaripa-Martinez,
a/k/a David Jose Zamarripa,

　　　　　Defendant-Appellant.

No. 11-5132

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 4:11-CR-00045-GKF-1)**

Submitted on the briefs:[*]

Terry L. Weber, Tulsa, Oklahoma, for Defendant-Appellant.

Thomas Scott Woodward, United States Attorney, Leena Alam, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

**MURPHY**, Circuit Judge.

Defendant David Martinez-Zamaripa pleaded guilty to being an alien present in the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court imposed a sentence of 54 months based on a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for prior conviction of a crime of violence, citing Martinez-Zamaripa's Oklahoma conviction for indecent proposal to a child in 1995. Martinez-Zamaripa now appeals, arguing that his state conviction should not have been considered a crime of violence under the Guideline. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm for the reasons explained below.

## GOVERNING LEGAL STANDARDS

"Whether a prior offense is a 'crime of violence' under U.S.S.G. § 2L1.2(b) is a question of law that we . . . review de novo." *United States v. Rivera-Oros*, 590 F.3d 1123, 1125 (10th Cir. 2009). As used in the Guideline, the phrase "crime of violence" encompasses two distinct categories: one broadly defined to include any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another"; the other constituted by specifically enumerated generic offenses including, as relevant here, "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). "A felony conviction qualifies as a crime of violence if *either* (1) the defendant was convicted of one of the . . . enumerated offenses; or

(2) the use, attempted use, or threatened use of physical force was an element of the offense [of conviction]." *Rivera-Oros*, 590 F.3d at 1126 (emphasis added). In other words, enumerated offenses "*are always classified as crimes of violence, regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.*" *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1143 (10th Cir.), *cert. denied*, 132 S. Ct. 828 (2011) (quoting, with added emphasis, U.S.S.G. App. C (vol. III), amend. 722 (further quotation omitted)); *United States v. Munguia-Sanchez*, 365 F.3d 877, 881 (10th Cir. 2004) (same, quoting U.S.S.G. App. C (vol. II), amend. 658).

"In determining whether a prior conviction is a crime of violence, courts employ a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *United States v. Antonio-Agusta*, 672 F.3d 1209, 1212 (10th Cir. 2012) (internal quotation marks omitted). "If the statute is ambiguous, however, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as to charging documents, the judgment, and the terms of a plea agreement or transcript of colloquy between judge and defendant" to determine whether the prior conviction warrants an enhancement. *Id.* (internal quotation marks omitted). "This approach is commonly referred to as the modified categorical approach." *Id*. Its proper scope depends on whether the prior conviction is evaluated as a crime of violence under the Guideline's "as an element"

language or the list of enumerated offenses.  *See United States v. Venzor-Granillo*, 668 F.3d 1224, 1228-30 (10th Cir. 2012).  If the former, the modified categorical approach has a narrow application; judicial records may be consulted "only 'to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face.'"  *Id.* at 1229 (quoting *United States v. Zuniga-Soto*, 527 F.3d 1110, 1121 (10th Cir. 2008) (further quotation omitted)).  If the latter, the modified categorical approach has a broader application; "a sentencing court may look beyond the face of the statute of conviction" and "ascertain whether the jury necessarily had to find, or the defendant necessarily admitted, 'facts that would also satisfy the definition'" of an enumerated offense.  *Id.* at 1229-30 (quoting *Zuniga-Soto*, 527 F.3d at 1121).  Here, the district court alternatively invoked both the categorical and modified categorical approaches to hold that Martinez-Zamaripa's conviction for indecent proposal to a child qualified as a crime of violence under the enumerated-offense provision of the Guideline.

### INDECENT PROPOSAL TO A CHILD AS CRIME OF VIOLENCE

The state statute governing the offense of indecent proposal to a child at the time of defendant's conviction, Okla. Stat. Ann. tit. 21, § 1123(A) (1995) ("Lewd or indecent proposals or acts as to child under 16"), had five subsections addressing distinct types of conduct, more than one of which could plausibly be characterized as involving an indecent proposal.  In his objection to the presentence report, however, Martinez-Zamaripa did not contest the government's representation that he had been

- 4 -

convicted under § 1123(A)(1), which applies to "any oral . . . lewd or indecent proposal to any child under sixteen (16) years of age for the child to have unlawful sexual relations . . . with any person." He only challenged the characterization of this conviction as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on its asserted relationship to the enumerated offense of sexual abuse of a minor.

The immediate question, then, is whether the criminal conduct covered by § 1123(A)(1)—all of such conduct, not just the particular act committed by Martinez-Zamaripa—falls within the scope of the enumerated generic offense of sexual abuse of a minor. If so, we may summarily conclude under the categorical approach that the enhancement was properly applied. In this regard, the fact that the state crime is not designated "sexual abuse of a minor" is not controlling. *Rivera-Oros*, 590 F.3d at 1126 ("The label that a state attaches to a crime under its laws does not determine whether it is a Guidelines enumerated offense."). The dispositive point is whether the "statute criminalizes only activity that qualifies as sexual abuse of a minor, and thus meets the definition of crime of violence [in] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)," *United States v. De La Cruz-Garcia*, 590 F.3d 1157, 1160 (10th Cir. 2010) (internal quotation marks omitted). For purpose of this comparison, we look to the "'generic, contemporary meaning'" of the relevant enumerated offense. *Rivera-Oros*, 590 F.3d at 1126 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

This court has not specifically addressed U.S.S.G. § 2L1.2(b)(1)(A)(ii) and the enumerated offense of sexual abuse of a minor as they relate to a state conviction for indecent proposal to a child. But we have addressed matters with substantial analytical overlap, albeit in cases presenting certain differences regarding either the state conviction or the federal law framing the sex-abuse offense to which it was compared. While none of these cases is therefore directly dispositive, collectively they point to our conclusion that U.S.S.G. § 2L1.2(b)(1)(A)(ii) was properly applied to Martinez-Zamaripa's conviction.

We have twice held that crimes involving encouragement or solicitation of sexual activity by a child constituted sexual abuse of a minor, though in different contexts governed by federal statutes with specific language that helped establish the required equivalence. In *Vargas v. Department of Homeland Security*, 451 F.3d 1105, 1109 (10th Cir. 2006), an immigration case, we held that a state conviction for contributing to the delinquency of a minor through "encouraging a child to engage in nonconsensual sexual contact" was "unquestionably sexual abuse of a minor [under] 18 U.S.C. § 3509(a)(8)" and thus an aggravated felony warranting an alien's removal. That was, however, in part because § 3509(a)(8) specifically "defines *sexual abuse* to include . . . persuasion, inducement, [or] enticement." *Vargas*, 451 F.3d at 1107-08. The Guideline at issue here does not expressly equate sexual abuse of a minor with indecent proposal to a child or some similar offense. *Vargas* is certainly relevant, in recognizing that a crime involving conduct (like indecent proposal) relating to but not

culminating in a sexual act with a child is not excluded from the category of sexual abuse simply for lack of the culminating act, at least when Congress has given specific guidance for its inclusion. But *Vargas* does not settle whether such a crime is necessarily included in the scope of the enumerated offense generically designated as sexual abuse of a minor in the Guideline.

In *United States v. Becker*, 625 F.3d 1309, 1312 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 2961 (2011), we held that a prior state conviction for indecent solicitation of a child "clearly relates to . . . sexual abuse . . . involving a minor" and hence triggered mandatory minimum sentences for a child pornographer under 18 U.S.C. § 2252(b). That was, however, in part because § 2252(b) does not require a conviction that *constitutes* child sexual abuse but only one that *relates to* such abuse; for § 2252(b) the conviction thus "need only stand in some relation to, pertain to, or have a connection with" such abuse. *Becker*, 625 F.3d at 1312 (internal quotation marks omitted). Relying on the broad reach of this language, *see id.* at 1310, we considered it immaterial that solicitation could occur without actual sexual abuse of a child victim—indeed a child victim need not even exist (the defendant solicited an undercover police officer)—since the crime required an *intent to commit* the sexual act solicited and that sufficed to make the crime stand "*in some relation to* sexual abuse of a minor," *id.* at 1312-13 (emphasis added). The Guideline at issue here does not have a counterpart to the statutory language bolstering our analysis in *Becker* (nor does the crime of indecent proposal to a child require the intent to commit the

proposed sexual act.[1]  *See Mayberry v. State*, 603 P.2d 1150, 1153 (Okla. Crim. App. 1979)).  Thus *Becker* (much like *Vargas*) broadly supports treating indecent proposal to a child as equivalent to sexual abuse of a minor, while at the same time the particular force of its holding is blunted here somewhat by a salient difference between the federal statute it addressed and the Guideline to which we compare Martinez-Zamaripa's conviction.

In contrast, this court specifically applied U.S.S.G. § 2L1.2(b)(1)(A)(ii) to a sexual offense involving a child in *De La Cruz-Garcia*.  But the crime in that case went beyond mere proposal or solicitation to require physical contact with the minor or at least "exposing a minor to a lascivious display."  *De La Cruz-Garcia*, 590 F.3d at 1161.  The conclusion that such activity constitutes sexual abuse of a minor under

---

[1]     This particular aspect of the state offense also undercuts another rationale that might have been invoked for applying the Guideline.  The enumerated offenses are understood to include "aiding and abetting, conspiring, and attempting, to commit such offenses."  U.S.S.G. § 2L1.2 cmt. application n. 5.  We have further noted that these inchoate or derivative offenses "are merely illustrative" and may be supplemented by others that "are sufficiently similar to [them]."  *United States v. Cornelio-Pena*, 435 F.3d 1279, 1285, 1288 (10th Cir. 2006).  In *Cornelio-Pena*, we held that the crime of solicitation was sufficiently similar to the listed inchoate or derivative offenses to qualify for treatment as a crime of violence when the offense solicited (there, burglary) was an enumerated offense.  *Id.* at 1288.  But that holding was based in significant part on the fact that, like attempt and aiding/abetting, solicitation required that "the defendant intends that the underlying crime be accomplished."  *Id.* at 1286.  The same cannot be said about the crime of indecent proposal to a child here.

the Guideline certainly accords with, though it does not dictate, application of the Guideline to Martinez-Zamaripa's conviction.[2]

More importantly, however, the reasoning underlying the conclusion in *De La Cruz-Garcia*, particularly as it related to the lascivious-display aspect of the conduct criminalized by the state statute, carries a great deal of direct force here. The defendant in *De La Cruz-Garcia* had argued that such conduct could not rise to the level of sexual abuse of a minor under the Guideline, because it did not require any actual physical contact with the child. We squarely rejected that argument, following the Fifth Circuit to recognize that "'psychological harm can occur without physical contact'" and hence that a non-contact sexual offense can constitute sexual abuse of a minor when it "'requires [sexual conduct] with knowledge of the child's presence, thereby wrongly and improperly using the minor and thereby harming the minor.'" *Id.* at 1161 (quoting *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000)). The crime of indecent proposal to a child specified in § 1123(A)(1)

---

[2] Martinez-Zamaripa was also convicted of indecent exposure, Okla. Stat. Ann. tit. 21, § 1021(A), in connection with the same incident. That conviction would appear to qualify as sexual abuse of a minor under a categorical application of *De La Cruz-Garcia*'s "lascivious display" holding—but for the fact that § 1021(A) is not limited to minor victims. Under the broader version of the modified categorical approach discussed earlier, however, the district court might have looked to the document jointly charging the indecent exposure and indecent proposal offenses to determine that Martinez-Zamaripa had necessarily admitted facts—the minor age of the victim—that would satisfy the definition of the enumerated offense. We do not pursue this line of analysis further because the government specifically amended the presentence report to abandon reliance on the indecent exposure conviction for purposes of the Guideline enhancement. *See* R. Vol. 1 at 28; *id.* Vol. 3 at 5, ¶ 13.

likewise requires sexual conduct, [3] as well as the child's presence (physical or electronic) to receive the defendant's proposal. [4] And, given the acknowledgement of cognizable psychological harm in this regard, we do not gainsay the societal judgment that proposing a sex act to a minor uses the child in an inherently harmful manner, even if the act is not carried out.

Accordingly, adhering to the general thrust of *Vargas* and *Becker* and applying the particular principles underlying the rationale in *De La Cruz-Garcia*, we hold that the crime of indecent proposal to a minor specified in § 1123(A)(1) falls fully within the scope of the enumerated offense of sexual abuse of a minor and hence constitutes a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

The judgment of the district court is AFFIRMED.

---

[3] Looking to the common contemporary meaning of words used in the Guideline, we held in *De La Cruz-Garcia* that "'[s]exual' means 'of or relating to the sphere of behavior associated with libidinal gratification.'" 590 F.3d at 1160 (quoting Webster's 3d Int'l Dictionary Unabridged at 2082 (1993)). That definition clearly encompasses a proposal "to have unlawful sexual relations or sexual intercourse," as specified in § 1123(A)(1).

[4] Of course, the perpetrator may be duped by an undercover officer or third party, in which case the crime would be attempted indecent proposal to a minor. *See, e.g.*, *State v. Fletcher*, 133 P.3d 339, 340-41 (Okla. Crim. App. 2006).