FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES VICTOR FLINT,

    Defendant - Appellant.

No. 23-8069
(D.C. No. 2:23-CR-00067-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Last year, Charles Flint pleaded guilty to possessing child pornography under

18 U.S.C. § 2252A(a)(5)(B). At sentencing, the district court determined, over Flint's

objection, that his 2007 Colorado conviction for attempted sexual assault on a child

triggered a mandatory minimum ten-year sentence under § 2252A(b)(2) because that

conviction "relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

conduct involving a minor." The district court then sentenced Flint to ten years in prison, followed by five years of supervised release.

Flint now challenges the district court's application of the enhancement under § 2252A(b)(2). He argues that under the categorical approach, his Colorado conviction for attempted sexual assault on a child does not qualify as a predicate offense for the enhancement because the state statute criminalizes a broader range of conduct than the generic federal offenses listed in § 2252A(b)(2). *See Descamps v. United States*, 570 U.S. 254, 261 (2013) (explaining that under formal categorical approach, state-law conviction cannot trigger statutory enhancement "if the [state] statute sweeps more broadly than the generic [federal] crime"). But Flint acknowledges that our precedent forecloses his argument, and he brings it only to preserve it for further review.

Indeed, we have held that "neither the text nor the history of the enhancement statute limits triggering offenses to those mirroring federally[ ]defined offenses." *United States v. Bennett*, 823 F.3d 1316, 1325 (10th Cir. 2016); *see also United States v. Hebert*, 888 F.3d 470, 475 (10th Cir. 2018) (same). By its plain terms, the statute requires a mandatory minimum ten-year prison sentence if the defendant "has a prior conviction . . . under the laws of any [s]tate *relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." § 2252A(b)(2) (emphasis added). Giving the phrase "relating to" its ordinary meaning, we explained that "the offense need only 'stand in some relation to,' 'pertain to,' or 'have a connection' with" aggravated sexual abuse, sexual abuse, or abusive sexual conduct

2

involving a minor. *Bennett*, 823 F.3d at 1322 (quoting *United States v. Becker*, 625 F.3d 1309, 1310 (10th Cir. 2010)). If it does, the enhancement in § 2252A(b)(2) applies—even if the state statute criminalizes more conduct than the federal law. *Id.* at 1322–25. And here, Flint does not dispute that under this interpretation of the statute, his Colorado conviction for attempted sexual assault on a minor qualifies as a predicate offense for the mandatory minimum under § 2252A(b)(2).

As Flint recognizes, "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Begay*, 974 F.3d 1172, 1176 (10th Cir. 2020) (quoting *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam)). Because our precedent forecloses Flint's challenge to the application of the § 2252A(b)(2) enhancement, we affirm.[1]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[1] Because our precedent forecloses Flint's challenge, we affirm without reaching the government's contention—which Flint vigorously disputes—that Flint waived his appellate arguments by "chang[ing] his theory on appeal" and failing to argue plain error. Aplee. Br. 7; *see also United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all . . . .").