FILED
United States Court of Appeals
Tenth Circuit

January 13, 2026

Christopher M. Wolpert
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY JAMES GRIFFIN,

    Defendant - Appellant.

No. 24-8070

_____

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 2:24-CR-00062-SWS-1)**

_____

Jacob Rasch-Chabot, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Z. Seth Griswold, Assistant United States Attorney (Stephanie I. Sprecher, Acting United States Attorney, with him on the brief), Office of United States Attorney, District of Wyoming, Cheyenne, Wyoming, for Plaintiff-Appellee.

_____

Before **HARTZ**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.

_____

**TYMKOVICH**, Circuit Judge.

_____

Gregory Griffin pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Violations of that provision trigger a mandatory minimum term of ten years' imprisonment if the defendant has a "prior conviction"

under state law "relating to" possession of child pornography. 18 U.S.C. § 2252A(b)(2). Griffin stipulated that he had a previous conviction under California Penal Code § 311.11, which criminalizes possession of images that depict a minor "personally engaging in or simulating sexual conduct." At sentencing, Griffin argued that his conviction under the California statute does not necessarily relate to possession of child pornography, as defined and required under federal law. The court disagreed, found that Griffin's prior conviction triggered § 2252A(b)(2)'s mandatory minimum, and sentenced Griffin to ten years' imprisonment.

Exercising our jurisdiction under 28 U.S.C. § 1291, we **VACATE** his sentence and **REMAND** for resentencing. To determine whether a prior conviction qualifies as a predicate offense under a sentencing statute, we apply the so-called categorical test. Under that test, we look only at the fact of the defendant's conviction and ask whether the elements of the *state offense* categorically fall within the elements of the *generic federal offense*—*i.e.*, the predicate offense defined by federal law. And applying that test here, we conclude that a conviction under California Penal Code § 311.11 does not categorically fall within § 2252A(b)(2)'s generic offense. Griffin's previous conviction therefore did not trigger the ten-year mandatory minimum sentence under § 2252A(b)(2).

## I.     Background

The government charged Griffin with violating 18 U.S.C. § 2252A(a)(5)(B), which criminalizes possession of child pornography. After initially pleading not

guilty, Griffin changed his plea to guilty, and the district court set the case for sentencing.

As relevant here, the parties disputed at sentencing whether Griffin was subject to a mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2). That provision requires the court to sentence a defendant to at least ten years' confinement if he has previously been convicted of an offense relating to possession of child pornography. And though Griffin had a prior conviction under California law, he argued that it did not trigger § 2252A(b)(2)'s mandatory minimum. Agreeing with the government, the district court ruled that the previous conviction qualified as a predicate offense and applied the ten-year mandatory minimum.

## II.    Discussion

We review the district court's imposition of a mandatory minimum de novo. *United States v. Hebert*, 888 F.3d 470, 472 (10th Cir. 2018) (citing *United States v. Becker*, 625 F.3d 1309, 1310 (10th Cir. 2010)). Federal sentencing statutes sometimes impose an enhanced sentence if a defendant has a prior conviction for specified predicate offenses. Section 2252A(b)(2) is such a statute: it imposes a mandatory minimum sentence of ten years if the defendant has a conviction under "the laws of any State relating to . . . possession . . . of child pornography." We employ the categorical approach to determine whether a prior state conviction qualifies as a predicate offense. *See Taylor v. United States*, 495 U.S. 575, 602

(1990).[1]  That approach requires us to look at the fact of the defendant's state conviction alone—and not at the defendant's underlying conduct—to determine whether the prior conviction qualifies.  *Descamps v. United States*, 570 U.S. 254, 269 (2013).  And the fact of conviction qualifies as a predicate offense only if the elements of the state offense categorically fall within the elements of the generic offense defined by federal law.  *United States v. Kendall*, 876 F.3d 1264, 1267–68 (10th Cir. 2017).

The categorical approach thus breaks down into three steps.  First, the court discerns the scope of the generic offense, which is defined by the federal statute.  *See Hebert*, 888 F.3d at 472.  Next, it ascertains the scope of the state statute, relying on its text or interpretations of the statute by the state's highest court.  *See Johnson v. United States*, 559 U.S. 133, 138 (2010); *United States v. Withrow*, 49 F.4th 1372, 1380 (10th Cir. 2022) (considering the Oklahoma Court of Criminal Appeals's interpretation of state statute).  And last, it asks whether the state statute sweeps more broadly than the generic offense.  *Kendall*, 876 F.3d at 1267–68.  When performing this last step, the court considers the "'least of the acts criminalized' under the state statute."  *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)).  So if the state statute sweeps in conduct that the generic federal offense does not, the state conviction does not qualify as a predicate offense—even if the conduct stands at the outer boundaries of the state statute's

---

[1] The parties concede that the modified categorical approach does not apply here.

scope. *Withrow*, 49 F.4th at 1375 ("The test is all or nothing. Either any conviction under the statute will qualify, or none will.").[2]

But standing at the statute's outer boundary is one thing; employing "legal imagination" to contrive hypothetical conduct implausibly unconnected to the statute is another. *Gonzales v. Duenas-Alvarez*, 549 U.S.183, 193 (2007). Thus, there must exist a "realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Moncrieffe*, 569 U.S. at 190–91. And the defendant may show this realistic probability through "the statute's plain language and the state's interpretive caselaw." *United States v. Campbell*, 156 F.4th 1019, 1029 (10th Cir. 2025).

As we explain, Griffin's California conviction does not qualify as a predicate offense because § 311.11 sweeps more broadly than § 2252A(b)(2)'s generic offense. The conviction therefore does not satisfy the categorical test.

First, we consider the generic federal offense under § 2252A(b)(2), an offense "relating to . . . possession . . . of child pornography." Because the statute uses the phrase "relating to," our cases explain that the generic offense captures conduct

---

[2] This approach has been criticized as counterintuitive. The categorical approach requires us to pretend that the defendant *may* have been convicted for some nongeneric conduct, even when we *know he wasn't* because the record tells us he wasn't. *See Mathis v. United States*, 579 U.S. 500, 538 (2016) (Alito, J., dissenting) ("The [categorical] approach calls for sentencing judges to delve into pointless abstract questions."); *Quarles v. United States*, 587 U.S. 645, 656 (2019) (Thomas, J., concurring) (describing the "absurdity of applying the categorical approach" given the "reality of petitioner's actual crime"); Sheldon A. Evans, *Categorical Nonuniformity*, 120 Colum. L. Rev. 1771, 1814–25 (2020) (evaluating the merits of a conduct-based approach).

broader than just possession of child pornography as defined by federal law. *United States v. Bennett*, 823 F.3d 1316, 1322–25 (10th Cir. 2016). In *Bennett*, for example, we held that Colorado's statute criminalizing possession of child pornography captured possession of images that fell outside the federal definition of child pornography. *Id.* at 1325. But because § 2252A(b)(2)'s generic offense included the phrase "relating to," we determined that the generic offense covered possession of images that *related to* the federal definition of child pornography (explicit images of a female child's breasts), even if the images were not *identical* to the federal definition. *Id.* Thus, to qualify as a predicate offense under § 2252A(b)(2), the state definition of child pornography need not bear a precise one-to-one correspondence to the federal definition.

Section 2256(8) defines "child pornography" as a visual image that depicts a minor "engaging in sexually explicit conduct." Section 2256(2)(A) in turn defines "sexually explicit conduct" as (1) "sexual intercourse," (2) "bestiality," (3) "masturbation," (4) "sadistic or masochistic abuse," or (5) "lascivious exhibition of the anus, genitals, or pubic area of any person."[3] We have relied on several factors to illuminate what constitutes a lascivious exhibition. *United States v. Wells*, 843 F.3d 1251, 1253 (10th Cir. 2016) (discussing factors from *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987)). Stated generally, these factors consider whether the image's

---

[3] Section 2256(2)(B) gives an alternative definition of "sexually explicit conduct," but the parties do not raise it here.

"focal point" is the "child's genitalia or pubic area," whether the image is "sexually suggestive," whether the "child is depicted in an unnatural pose," whether the child is clothed or nude, whether the image "suggests sexual coyness or a willingness to engage in sexual activity," and whether the image is "intended or designed to elicit a sexual response in the viewer." *Id.* at 1253–54.

Next, we consider the state statute that Griffin was convicted under. The California statute criminalizes possessing an image "knowing that the [image] depicts [a minor] personally engaging in or simulating sexual conduct." Cal. Penal Code § 311.11. "Sexual conduct" is defined as, *inter alia*, "any lewd or lascivious sexual act," *id.* § 311.4, which is in turn defined as "any lewd or lascivious act . . . upon or with the body . . . of a child . . . with the intent of arousing . . . [the] sexual desires of that person or child." *Id.* § 288.

The California Supreme Court has given a remarkably broad interpretation to § 288. The court, for example, has defined a lewd or lascivious sexual act to encompass "'*any touching*' of an underage child committed with the intent to sexually arouse either the defendant or the child." *People v. Martinez*, 903 P.2d 1037, 1041 (Cal. 1995) (emphasis added). And the touching need not be "inherently lewd" or involve any "specific or intimate body part" of the child. *Id.* Thus, in *Martinez*, the California Supreme Court affirmed a conviction under § 288 where the defendant "wrapped his arms around" a young girl and "tried to kiss her." *Id.* at 1048. That act, the court held, was a lewd or lascivious sexual act. *Id.*

7

Finally, we compare the scope of the California statute with the generic federal offense. Focusing on the broadest conduct criminalized under the statute, § 311.11 criminalizes possession of an image of "any touching" between an adult and child where the adult has a sexual subjective intent. So, in other words, the statute covers nonexplicit images of children with no focus on the child's intimate areas—for example, an image that depicts an adult simply hugging a fully clothed child where the adult had the intent to be aroused. *Id.* at 1046 (explaining that "children are routinely cuddled" and "such behavior may fall . . . within . . . section 288"). That sort of nonexplicit image would be far from a "lascivious exhibition of the anus, genitals, or pubic area" required by federal law. 18 U.S.C. § 2256(2)(A). It has no nudity. It has no outward suggestion of sexuality. And it has no focus on any intimate area of the child, let alone a focus on the child's genitalia or pubic area. Because the California statute thus sweeps much more broadly than the generic offense, a conviction under the California statute does not categorically fall under § 2252A(b)(2)'s generic offense. In so holding, we reach a conclusion similar to the Ninth Circuit's. *See United States v. Reinhart*, 893 F.3d 606, 617–18 (9th Cir. 2018) (holding that § 311.11 fails the categorical test but using a narrower definition of the generic offense than the Tenth Circuit does); *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1008–09 (9th Cir. 2015) (concluding that § 311.11 is overinclusive).

As we recognized above, the image criminalized under state law need not be identical to the federal definition of child pornography. *Bennett*, 823 F.3d at 1322–23. But it still must bear a close resemblance. In *Bennett*, for example, we

8

considered a Colorado statute that covered images falling outside the federal definition because they did not portray a child's anus, genitalia, or pubic area; they instead portrayed the female child's breasts. *Id.* at 1322. But that portrayal of "*explicit* sexual conduct," which focused on an intimate part of the child's body, "undeniably" related to possession of child pornography. *Id.* at 1325 (emphasis added). Not so here. It would surpass even the wide latitude our cases allow to treat a nonexplicit image depicting seemingly innocent, non-intimate touching—between fully clothed individuals—as *related to* the federal definition of child pornography.

The government's arguments to the contrary fail to convince us.

The government first contends that § 311.11's scienter element—which requires that the defendant "knowingly possess" an image that he "know[s] . . . depicts" a child "engaging in or simulating sexual conduct"—focuses the state crime on images that relate to the federal definition of child pornography. The scienter requirement doesn't change much, however; it just requires that the defendant *know* that the image depicts a child "engaging in or simulating sexual conduct." But once we import § 288's broad definition into § 311.11, the scienter element requires that the defendant *know* that the image features "any touching" between the child and adult and *know* that the adult harbors a sexual subjective intent. In other words, we are still faced with the problem above: the criminalized image can depict content far removed from the federal definition of child pornography, which requires a "lascivious exhibition of the anus, genitals, or pubic area." 18 U.S.C.

9

§ 2256(2)(B)(iii). The image, in other words, remains by all appearances nonexplicit with no focus on the child's intimate areas.

The government also contends that even if the California statute could be read as broadly as we read it, Griffin must show a "realistic probability of being prosecuted under the statute" for that conduct. Oral Argument at 17:41–17:46, *United States v. Griffin*, 24-8070 (10th Cir. Nov. 21, 2025), https://www.ca10.uscourts.gov/sites/ca10/files/oralarguments/24-8070.mp3. But that misstates the reasonable-probability requirement. It does not require some likelihood that California would *actually* prosecute someone for possessing an image of an adult innocuously hugging a child. *See United States v. Taylor*, 596 U.S. 845, 857–58 (2022) (noting that the categorical approach does not "impose a burden on the defendant to present proof about the government's own prosecutorial habits"). What it instead requires is a realistic probability that the "State would apply its statute to conduct that falls outside the generic definition of a crime." *Moncrieffe*, 569 U.S. at 191 (quoting *Gonzales*, 549 U.S. at 193). And of course one way to show that a state would apply its statute to such conduct would be to point to past prosecutions, or to a probability that the state would bring such a prosecution. *Campbell*, 156 F.4th at 1029 ("A defendant can establish this realistic probability . . . by providing examples of actual prosecutions of conduct . . . ."). But a realistic probability can also be shown through the statute's own language, interpreted by the state's caselaw. *Id.*; *see Taylor*, 596 U.S. at 857 (rejecting the government's attempt to "fault[] [the

10

defendant] for failing to identify a single case" of prosecution where the "the statute's terms" applied to such conduct).

Griffin has shown a realistic probability that California's courts would apply the statute to nonexplicit images by pointing to the California Supreme Court's authoritative interpretation of § 288.  In particular, he points to *Martinez*, where the California Supreme Court interpreted § 288 to include "any touching."  *See Martinez*, 903 P.2d at 1041; *see Gonzales*, 549 U.S. at 193 (explaining that a defendant can show a realistic probability by pointing to "other cases in which the state courts did in fact apply the statute in the special (nongeneric) manner").  In other words, our reading of the statute requires no "legal imagination," *Gonzales*, 549 U.S. at 193, because the state's highest court has told us that a lewd and lascivious act under § 288, which forms one basis of § 311.11's liability, covers "a touching of 'any part' of the victim's body" if the adult has the requisite sexual intent.  *Martinez*, 903 P.2d at 1041.

And once we import § 288—and its judicial gloss—into § 311.11's text, the statute covers images where an adult touches any part of a child's body with the requisite sexual intent.  By its language, then, § 311.11 encompasses possessing images where, for example, the individuals are fully clothed and the only contact is the adult's arm around the child's shoulder.  *Martinez* even gave its imprimatur to several California cases where § 288 had been applied to apparently innocuous touching.  *See id.* at 1044 (collecting cases and describing one case where "defendant pinch[ed] [a] girl's leg").  Griffin has met the realistic-probability requirement

11

through the statute's "language and the state's interpretive caselaw." *Campbell*, 156 F.4th at 1019.

Finally, the government argues that the *Dost* factors—which help define "lascivious exhibition"—vastly expand the federal definition of child pornography to cover nonexplicit images. The government says, for example, that even nonexplicit images of a child can constitute child pornography "*so long as they are of the genital or pubic area*" and satisfy at least one *Dost* factor. Appellee Br. at 15 (emphasis added). But that emphasized qualification dooms the government's argument; it ensures that the federal definition—even when expanded by the *Dost* factors—remains focused on the child's intimate areas, even if nonexplicit.

To sharpen this point, consider the case the government relies on to show that the *Dost* factors stretch the federal definition to include nonexplicit images, *United States v. Helton*, 302 F. App'x 842, 847 (10th Cir. 2008). But *Helton* addressed images recorded from a camera concealed in a bathroom; the camera recorded young girls using the toilet and shower. We affirmed the district court's finding that the images satisfied the *Dost* factors because the images *focused* on the girls' genitalia or pubic area, despite being at least partially clothed. The California statute covers images with no such focus.

Because § 311.11 sweeps in conduct broader than § 2252A(b)(2)'s generic offense, a conviction under the California law does not categorically fall under the generic offense. Griffin's prior state conviction, therefore, does not qualify as a

12

predicate offense under § 2252A(b)(2) and does not trigger § 2252A(b)(2)'s mandatory minimum.

## III.    Conclusion

For the foregoing reasons, we vacate Griffin's sentence and remand for resentencing.